# BOROUGH OF MILLVALE v. JOHN POXON ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 6, 1888—Decided January 7, 1889.

1. Where an appeal has been entered from an award of viewers assessing damages caused by the change of grade of a street, in proceedings under the act of May 24, 1878, P. L. 129, it is error to quash the appeal and confirm the award because no exceptions were filed to the report within ten days.
2. Exceptions are unnecessary, in the practice under said act, unless to meet errors or irregularities in the proceedings or report, and for a trial by jury either party is entitled to an appeal to be entered within thirty days from the filing of the report, under § 8, article XVI., of the constitution, and the act of June 13, 1874, P. L. 283.

Before PAXSON, GREEN, CLARK, WILLIAMS and HAND, J.J.; GORDON, C. J., and STERRETT, J., absent.

No. 224 October Term 1888, Sup. Ct.; court below, No. 192 December Term 1886, C. P. No. 1.

On October 9, 1886, upon the petition of John Poxon and Mary Jane Poxon, his wife, the Court of Common Pleas No. 1. appointed five viewers to inquire and determine whether the petitioners had sustained any damage by reason of a change of grade on Lincoln avenue, Sedgwick street and Fornoff alley, or either of them, in the borough of Millvale; to make report at the next term. On February 26, 1887, the report of the viewers that no damages had resulted to the petitioners from the change of grade complained of, "was presented in open

court and confirmed nisi, to become absolute in ten days, if no exceptions are filed."

On March 5, 1887, the petitioners appealed from the award of viewers, and filed with their appeal an affidavit describing the situation of their property with reference to said streets and alley, and the manner in which it had been injured by a change of grade made, without averring that the appeal was not taken for delay, etc., and on April 9th, on motion of the attorney for the petitioners, the respondent was ordered to file a plea and traverse of the appeal filed.

On April 13, 1887, the borough of Millvale, by its attorneys, moved the court to quash and dismiss the appeal entered by the petitioners and to confirm absolutely the report of the viewers, for the reasons:

1. No exceptions having been filed to the report of the viewers, the confirmation thereof should, under the law, and under the terms of the order of confirmation nisi, become absolute.

2. The act of assembly governing such cases does not allow an appeal from the report of the viewers.

3. The appeal in this case is not supported by affidavit.

Upon the filing of this motion a rule to show cause was granted, and on the argument list, on June 1st, "rule absolute; eo die, judgment entered on the award of viewers and award confirmed absolutely."

On June 6, 1887, came the petitioners, and appealed from the judgment of the court confirming the award of the viewers, and filed a bond in $50, for costs: approved. Afterward, on July 9th, "the petitioners having filed an appeal, on motion of W. K. Jennings, attorney for petitioners, it is ordered that the petitioners have leave to withdraw the statement filed March 5, 1887, and to file the same as of this date, and the respondent is ordered to file plea and traverse within ten days after notice hereof."

On July 21, 1887, the borough by its attorneys, reserving the right to object to the bond filed by petitioners, and the right to move to quash the appeal of petitioners, filed the plea and traverse, to wit:

1. Defendant denies that the plaintiffs, or either of them, are the owners of the property described in the original petition in this case.

2. Defendant denies that said property is in any manner damaged by the said improvement of Lincoln avenue, Sedgwick street and Fornoff alley, or any of them.

3. Defendant avers that said property has been very materially benefited by said improvement.

On March 24, 1888, the borough by its attorneys, moved the court to quash and dismiss the appeal of the petitioners filed on June 6, 1887, for the reasons following :

1. The act of assembly under which the proceedings in this case were instituted, does not authorize an appeal to the Court of Common Pleas.

2. The appeal was not entered until after the expiration of thirty days after the filing of the report of the viewers.

3. The appeal is an appeal from the judgment of this court, which can be taken only to the Supreme Court.

Upon the filing of this motion, a rule to show cause was granted, and on the argument list, on April 14, 1888, the motion was refused ; exception to the defendant.

The cause then came on for trial on April 20, 1888, before STOWE, P. J., resulting in a verdict for the plaintiffs for $500. A rule for a new trial having been discharged, judgment was entered upon the verdict, when the defendant borough took this writ, assigning as error, inter alia, the order of April 14, 1888, refusing the motion made on March 24, 1888, to quash and dismiss the appeal of the petitioners filed on June 6, 1887.

*Mr. Walter Lyon* (with him *Mr. John C. Shoemaker*), for the plaintiff in error :

1. The act of March 21, 1806, § 13, 4 Sm. L. 332, declaring that " In all cases where a remedy is provided or duty enjoined or anything directed to be done by any act of assembly, the directions of said act shall be strictly pursued" applies to civil proceedings and actions : Beltzhoover Borough v. Gollings, 101 Pa. 293. The act of May 24, 1878, P. L. 129, directs that if no exceptions be filed within ten days after a report of viewers, the court shall confirm the report and enter judgment thereon. No exceptions were ever filed to the report. The petitioners, however, filed an appeal within the ten days, but it was not in proper form. This appeal was quashed by the

court, the report of the viewers confirmed absolutely, and judgment entered thereon. This should have ended the case, unless reviewed by this court, a right which the parties had under said act of 1878.

2. The plaintiffs contended below that they had a right to appeal to a jury trial under the act of June 13, 1874, P. L. 283, allowing appeals to be taken to the Court of Common Pleas from any assessment of damages. The appeal in this case, however, was not an appeal from the assessment of the viewers, but an appeal from the judgment of the Court of Common Pleas itself. There has been no construction of the clause of the act of 1878, providing for appeals. If the appeal meant by that clause is an appeal taken from said judgment to this court, as in other cases, then of course the appeal tried below was irregular; or, if it mean an appeal from the award of viewers, as in other cases under the act of 1874, then it should have been taken as provided by the act of 1874, within thirty days after the filing of the report, accompanied by affidavit, neither of which requirements were complied with in this case.

*Mr. W. K. Jennings*, for the defendants in error:

1. The position of the defendant is unreasonable and inconsistent. The constitution, § 8, article XVI., prohibits the general assembly from depriving any person of an appeal from any preliminary assessment of damages, and of course the reason of the prohibition would apply with equal force to a case like the present, when the viewers refused to give any damages. But it is said that the proper practice was to file exceptions under the act of May 24, 1878, P. L. 129. Yet exceptions could be filed only to errors and irregularities in the proceedings or report of the viewers, and how could the question whether the petitioners were entitled to any damages at all or not be raised on exceptions?

2. Manifestly, an appeal was the proper course, and it is immaterial whether it should be allowed before or after the confirmation of the award. That is. a question of practice and within the discretion of the court, and it was very properly held that as the petitioners had been guilty of no laches, an appeal taken in time would not be quashed because it was premature, without allowing the appellants another day in court;

especially, as the first motion to quash was not made for more than a month after the filing of the award and of course the appellants could not then file another appeal within the thirty days. Moreover, the borough was not injured by the granting of the appeal. The case of New Brighton Bor. v. U. P. Church, 96 Pa. 331, was much like the present, and in that case an appeal was taken from the award to the Court of Common Pleas.

OPINION, MR. JUSTICE HAND:

This is a writ of error to an issue framed to ascertain the damages sustained by plaintiffs below by reason of a change of grade of Lincoln avenue, Sedgwick street, and Fornoff alley, in the borough of Millvale. The proceedings are under the act of assembly of May 24, 1878, P. L. 129.

The first specification of error is to the refusal of the court to quash and dismiss the appeal from the judgment of the court confirming the award of viewers, in pursuance of the motion made on March 24, 1888. The reasons urged in support of the motion were: (1) That the act of assembly (1878) does not authorize an appeal; (2) the appeal was not entered within thirty days of filing the report; (3) the appeal is an appeal from the judgment of the court which can be taken only to the Supreme Court. The court below very properly disregarded the first reason, because the constitution of the state gives the right of appeal, and it is provided for in the act of assembly of June 13, 1874, P. L. 283. The other reasons (second and third) were properly taken, and we must sustain the first assignment of error. Inasmuch as under the peculiar circumstances of this case injustice will thereby be done and the plaintiffs below deprived of a constitutional right, we shall send this case back for a re-trial, and shall preserve all the rights of the parties. The difficulty in the case on the record grows out of the confusion of practice which the record shows; such confusion that we can neither affirm nor reverse the case without establishing a bad precedent except by the course herein indicated.

The facts are as follows: October 9, 1886, plaintiffs filed their petition under act of May 24, 1878, praying for the appointment of viewers to assess damages. February 26, 1887,

report of viewers was presented and confirmed nisi, to become absolute in ten days if no exceptions were filed. March 5, 1887, plaintiffs appealed from the award of viewers, and the record says affidavits were filed. April 9, 1887, the petitioners having filed an appeal and statement, the respondent is ordered to file a plea and traverse within ten days after notice thereof. After this proceeding, on April 13, 1887, the borough was allowed to file a motion to quash and dismiss the appeal, and rule was granted, and that rule was made absolute. The reasons urged were: (1) That no exceptions having been filed to the report of viewers the report should be made absolute; and (2) the act of assembly allows no appeal. The third exception was that the appeal was not supported by affidavit. We remark, as to this exception, that whatever force it might have when properly urged and at a proper time, it must in this record be taken to be untrue, and the action of the court in subsequently allowing the appeal must be taken as conclusive on this point. It is not now an open question, and should not be considered in another trial. If a party proposes to take advantage of such a technical defect, he must act promptly and not wait until after the court has ordered an issue and plea.

The fundamental error of the court which deprives these proceedings of support after the issue and traverse was ordered, was in sustaining the first two reasons urged on the motion to quash. The first, that because no exceptions were filed the report must be confirmed absolutely, was not well taken, because an appeal had been properly entered. The second reason would, if true, make the act of assembly unconstitutional, as being in violation of section 8, article XVI., of the constitution.

The court undoubtedly discovered their error in this regard, and, in order to remedy it, fell into another error, which was in construing the act of 1878 to give the right of appeal upon a judgment which was confined only to a judgment on exceptions filed. The act of 1878 is complete in itself as to the preliminary mode of procedure in a case of this kind: it must be by viewers and exceptions filed to the report, in the first instance, if exceptions are needed by either party to meet any error or irregularity in the proceedings or report of viewers; but it does not provide for an appeal where a party's rights

are to be determined by a jury. That was already provided for by the act of June 13, 1874, under the new provision in the constitution. If the issue had been framed under the appeal first filed by the plaintiffs below, both acts of assembly would have been followed and the proceedings regular in every respect. The court below, when they discovered this, should have granted a rehearing on the motion to quash, and would have then restored the appeal. This can still be done.

It is not necessary for us to enter into the merits of this case. The case must go back for a correction of the record and a new trial thereon. The first appeal of the plaintiffs of March 5, 1887, should be restored and allowed to stand, and an issue framed thereunder for a trial before a jury. It is to be regretted that the case must take this course, but we see no other proper course to be pursued under the condition of the record.

The judgment is reversed and a procedendo awarded.

―――――――
| 123      487 |
| 36 SC  550 |

Argued November 6, 1888—Decided January 7, 1889.