## Goehring v. Rankin Borough.

*Road law—Exceptions to report of viewers—Term of court—Act of May 24, 1878, P. L.* 129.

Under the Act of May 24, 1878, P. L. 129, the next term of court at which road viewers must make their report, is the next term after their appointment. If viewers file their report after such next term, and the same has been confirmed without any opportunity to a borough to file exceptions, the order of confirmation will be vacated so that the borough may file exceptions.

Argued April 8, 1901. Appeal, No. 32, April T., 1901, by defendant, from order of C. P. No. 2, Allegheny Co., July T., 1899, refusing to vacate confirmation of report of viewers in case of Margaret Goehring v. Borough of Rankin. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Rule to vacate confirmation of report of viewers, and to open judgment.

The facts are stated in the opinion of the Superior Court.

186, (1901).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*Joseph F. Mayhugh*, for appellant.—The confirmation of the report of the viewers after the proper term and without an opportunity to the borough to file exceptions was improper: Millvale Borough v. Poxon, 123 Pa. 497 ; In re Road in Salem Twp., 103 Pa. 250; Frankstown Twp. Road, 26 Pa. 472; In re Street in Nanticoke Borough, 4 Kulp, 513 ; Ferry v. Borough of South Chester, 2 Del. County Rep. 147.

*Marcus C. Acheson*, with him *Andrew S. Miller*, for appellee.

OPINION BY BEAVER, J., May 23, 1901:

June 17, 1899, within the April term of the court of common pleas, upon the petition of the plaintiff, viewers were appointed to assess damages alleged to have been suffered by reason of a change of grade of a street of the borough defendant, in pursuance of the provisions of the Act of May 24, 1878, P. L. 129. The report of the viewers is dated August 6, 1899. It is alleged by the plaintiff that it was filed and so marked December 28, 1899, but the docket entries have no mention of any intermediate steps between the appointment of the viewers and this entry : "And now, February 26, 1900, award of viewers presented in open court and judgment directed to be entered thereon for the amount found by the viewers," etc.

The act of assembly under which the proceedings were begun and conducted requires the viewers to "make report of the same to the next term of said court, and, if no exceptions be filed within ten days thereafter, the court shall confirm the same and enter judgment thereon, with costs." The next term herein referred to is evidently the next term after the appointment. The appointment having been made in April term, the report of viewers should have been filed to July term which ended the first Monday of October. Whether, therefore, the report was actually filed December 28, 1899, which was during October term, or February 26, 1900, which was during January term, it was in either case too late, and the defendant was deprived of a substantial legal right. It is true that the defendant could have appealed without filing exceptions, as was done in Millvale Boro. v. Poxon et al., 123 Pa. 497. See also Bowers v. Braddock

Boro., 172 Pa. 596, but it alleged grave irregularities in the record as to which it had a right to be heard. Having been deprived of that right by reason of the failure of the viewers to comply with the law, the least which it could ask was to be allowed to do what it would have had an undoubted right to do, if the law had been complied with; and this should have been granted. As to the exceptions which relate to the sufficiency of the petition, the form of the order to the viewers, etc., they were not considered in the court below. and, although formally allowed to be filed, were evidently overruled and dismissed, because of the entry of judgment upon the report of the viewers. We do not, therefore, pass upon the merits of said exceptions.

The orders of June 30, 1900, overruling and dismissing defendant's exceptions, and of June 12, 1900, discharging the rule to show cause why the order confirming the report of the viewers · should not be vacated and the judgment thereon be opened, so that defendant can file exceptions nunc pro tunc to the report of the viewers, are severally reversed and set aside, and the record is remitted to the court below to the end that defendant may be heard upon its exceptions to the petition, order to and report of viewers, and the case be further proceeded in according to law.