# Broad Street Widening.

*Road law—Widening streets—Damages—Benefits—Act of May 20, 1891, P. L. 101.*

In a proceeding to assess damages for land taken by a city to widen a street, the benefits and special advantages which may accrue to the part or tract of land not taken or injured by the improvement, must be

taken into consideration in determining the difference in value before and after the appropriation. Where land has been so appropriated and used, there is no reason why the damages to the property may not be reduced or entirely overcome by the benefits which may have accrued to it.

Argued March 22, 1909. Appeal, No. 350, Jan. T., 1908, by the City of Philadelphia, from order of C. P. No. 1, Phila. Co., Dec. T., 1905, No. 4,735, dismissing exceptions to report of referee In re Widening of Broad Street from Moyamensing Avenue to Government Avenue. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Exceptions to report of Henry F. Walton, Esq., referee. Before BRÉGY, J.

The exceptions amongst others were as follows:

29. Because the referee erred in not considering the difference between the owner's participation in the general public benefit and his enjoyment of such particular and local benefit as abutting property receives, in addition to the participation in the general public benefit. [6]

6. Because the referee erred in not finding that the benefits arising from a frontage on a wider street should be considered in mitigation of any depreciation in value due to loss of ground taken for the widening. [10]

28. Because the referee erred in not considering the effect upon the value of the property after the change, due to the proximity of the general public improvement, as approved in Bond v. Phila., 218 Pa. 475. [13]

*Errors assigned* among others were (6, 10, 13) in dismissing exceptions as above.

*James Alcorn*, assistant city solicitor, with him *Henry J. Gibbons* and *J. Howard Gendell*, city solicitor, for appellant.— Many cases could be cited in which a different view is held than that declared by the referee. We will refer to some of them: Mahaffey v. Railroad Co., 163 Pa. 158; Aswell v. Scranton, 175 Pa. 173; Ry. Co. v. Reed, 44 Legal Int. 92; Phila. v. Linnard, 97 Pa. 242; Allegheny v. Black, 99 Pa. 152; Cox v. R. R. Co., 215 Pa. 506.

*John H. Maurer*, for appellee.—It is not questioned that the municipality in the exercise of its right of eminent domain may elevate the grade of streets to install sewers, but if in so doing injury is inflicted upon the owner of property the city must make due compensation. No matter how laudable the city's intention may be it must make compensation for damage occasioned: McHale v. Transit Co., 169 Pa. 416.

A referee's findings of fact have the same conclusiveness as the verdict of a jury, and when based upon sufficient evidence and confirmed by the court below, will not be reversed in the absence of manifest error: Whiteside v. Whiteside, 35 Pa. Superior Ct. 481; Hotchkiss v. Roehm, 181 Pa. 65; Gas Co. v. Gas Co., 186 Pa. 443; Snyder v. Rainey, 198 Pa. 356; Speer v. Huidekoper, 221 Pa. 448.

OPINION BY MR. JUSTICE ELKIN, June 22, 1909:

The appellee is the owner of a tract of what is known as meadow land located in the southern section of the city near the Delaware river containing a little over nine acres. In order to provide for the growth, development and improvement of that section the city by ordinance provided for the widening and elevation of Broad street, for the laying out of a public park, and for the construction of a sewer system to drain the territory. The property involved in this proceeding is three feet below city datum which means three feet lower than extreme high tide and one foot below mean high tide. In carrying out this plan of city improvement Broad street was widened and elevated, and in so doing a strip of appellee's land twenty-three and one-half feet wide and 460 feet long was appropriated and made part of the widened street. The amount of land actually taken is about one-quarter of an acre, and the damages awarded were $39,875. It is difficult to understand upon what theory of assessing damages such a result could be obtained. Ordinarily, the construction of a boulevard, the laying out of a public park, and the installation of a sewer system through and upon lands of this character add to their value instead of depreciating

it. It is true Broad street was elevated several feet above the surface of the land in question, and this to some extent damaged the property. On the other hand, the widening of the street, the construction of the boulevard, and the other added improvements, should and no doubt did add value to the property. An examination of this record forces the conviction that these things could not have been taken into consideration by the witnesses in estimating and by the learned referee in determining the difference in market value before and after the taking. In a recent case it was said that whatever affects the value of the land in the estimation of the general buyer, whether to raise or depress, may be shown, and should be considered in ascertaining the damages: Bond v. Philadelphia, 218 Pa. 475. The benefits and special advantages which may accrue to the part or tract of land not taken or injured by the improvement should be taken into consideration in determining the difference in value before and after the appropriation: Cox v. Railroad Co., 215 Pa. 506. Again, it was held in Edsall v. Jersey Shore Boro., 220 Pa. 591, that the benefits accruing to a particular property by reason of improving and paving the street may be shown and should be considered in estimating the amount of damages claimed by the abutting owner. While the earlier cases did indicate a different rule, it is clear that in street opening, widening and grading cases, the act of 1891 provides not only for the ascertainment of damages for land taken but for the assessment of benefits upon that part of the property or properties not taken. If benefits resulting from the whole street improvement may be proportionately assessed against an abutting owner, we can see no reason why the damages to a particular property may not be reduced or entirely overcome by the benefits which may have accrued to it. Clearly, the act of 1891 contemplates that in street improvement cases there should be taken into consideration not only the question of damages for land taken or injured but the benefits if any resulting to such abutting owner. In our opinion this view of the law did not prevail in the disposition of the present case by the learned referee, and in this there was error.

The sixth, tenth and thirteenth assignments of error are sustained. It may be that some of the other assignments should also be sustained, but the principal error lies in not giving due consideration to the benefits accruing to that part of the tract not taken by reason of the improvements made or in course of construction.

Judgment reversed and record remitted with instructions to hear and determine the amount of damages to be awarded upon the basis hereinabove indicated.