Schrenk's Estate

326

*Walter R. Faries, James S. Clifford, Jr.,* and *James M. Brittain,* for exceptants.

*Joseph K. Willing,* contra.

Sinkler, J., January 4, 1935.—The exceptions filed by the executrix of the estate of Frank H. Schrenk, deceased, are four in number. The paper book filed by counsel for the estate does not comply with the rules of court, in that it does not contain copies of the exceptions and adjudication. It presents no legal argument in support of the exceptions. Upon consideration of the adjudication, it is determined that the auditing judge was correct in his rulings to which the exceptions are taken.

The exceptions filed by the Federal reserve bank are six in number. The first two have to do with the failure of the auditing judge to make any finding of fact or law respecting the right to interest of the holder of the five specified notes given by Edward P. Loughran. The remaining four exceptions relate to the refusal of the auditing judge to permit the Federal reserve bank, holder of one of the Loughran notes by virtue of having rediscounted it, to share ratably with North City Trust Company as holder of the four remaining notes in distribution of the share of Edward P. Loughran arising out of paragraph three

of the deed of trust. The auditing judge dismissed the claim of the Federal reserve bank on the ground that as between the bank and Loughran or the settlor there is no privity, and because he was unable to find that the Federal reserve bank is a party in interest under the trust agreement.

While the auditing judge has not erred in dismissing the claim, we are not convinced that he has based his decision on the correct ground. Frequently awards are made by this court subject to assignments made by legatees or by creditors of a decedent. Such assignees have no privity with the decedent. In the present case, the Federal reserve bank may be regarded as holding an equitable assignment from North City Trust Company to the extent of the note which was rediscounted with the claimant.

But upon another ground we consider that the exceptions should be dismissed. In McCrea's Estate, 21 D. & C. 69, an exception had been filed to an adjudication of Gest, J., by reason of his failure to make an award to an attaching creditor who was likewise assignee of the distributive share of a beneficiary. It appeared that the auditing judge was aware of the existence of the attachment and assignment, but the validity of neither the attachment nor assignment was questioned at the audit, nor were certain other questions raised. We held that as a matter of grace and with his consent the adjudication should be referred back to the auditing judge for his consideration of these questions, which were not raised before him at the audit. We cited Moorhead's Estate, 27 Dist. R. 15, an opinion by Miller, J., of the Orphans' Court of Allegheny County, to the effect that the orphans' court has concurrent jurisdiction with the common pleas to determine the validity of an attachment of a fund before the court for audit and involving alleged spendthrift provisions in a testamentary trust.

While this court has jurisdiction of such matters concurrently with the common pleas court, it is within the discretion of an auditing judge to refuse to pass upon such questions if some advantage may be gained by having the matter submitted to the court having concurrent jurisdiction. This is similar to the discretion existing in an auditing judge to grant an issue to the common pleas court respecting a matter submitted to him at the audit, as for example, the ownership of property accounted for, if in his opinion there is a substantial dispute as to the title thereto: Cutler's Estate, 225 Pa. 167; Byer's Estate, 10 D. & C. 721.

In the present case, the auditing judge has alluded to the right of the claimant to follow the fund into the hands of the receiver of North City Trust Company. It appears from the record that the relations of the various parties to the deed of trust and others are complicated. The rights of persons not specified in the deed of trust may be involved. The rights of the claimant can best be determined in a proceeding wherein all possible claimants may be heard. For that reason we consider that the auditing judge, in the proper exercise of his discretion, refused to make the award to claimant.

The brief filed in behalf of the Federal reserve bank cites numerous decisions of courts of this State and elsewhere in support of the argument that where collateral security is given for the payment of several obligations, some of which are transferred, the transferee of such obligations is entitled to share ratably in the collateral. An examination of these cases reveals that the argument is a sound one. Nevertheless, the auditing judge has for the reasons just given soundly exercised his discretion in his refusal to determine the question involved.

No exceptions have been filed to the determination by the auditing judge of the main question submitted to him—that the parties named in paragraphs

one to four of the deed of trust share in the corpus ratably and not in sequence. His decision is manifestly correct.

All exceptions filed by Jean R. Schrenk, executrix, are dismissed; all exceptions filed by the Federal reserve bank are dismissed, without prejudice to the right of the bank to follow the fund before the auditing judge into the hands of the receiver of North City Trust Company or to such other remedy as it may elect to pursue, and the adjudication is confirmed absolutely.