BARKER ET AL v. HARTMAN STEEL CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF BEAVER COUNTY, IN EQUITY.

Argued October 7, 1889—Decided October 28, 1889.

A manufacturing company cannot acquire by a lease from a railroad com-
pany the right of eminent domain vested in the latter, so as to be enabled
to construct and operate a railway upon the streets of a borough, even
with the consent of the municipal authorities.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 39 October Term 1889, Sup. Ct.; court below, No. 1
June Term 1887, C. P. in Equity.

On April 6, 1887, William Barker and others, owners and
occupants of lots fronting on Beaver street, in the borough of
Beaver Falls, filed a bill in equity against the Hartman Steel
Company, praying for a perpetual injunction to restrain the
defendant company from continuing and operating a railroad
on said street, averred to be a nuisance and an obstruction.
The defendant company filed an answer admitting that they
had constructed a track 130 feet long, on said Beaver street;
that said track was a portion of the Marginal railroad, con-
structed and operated under the general railroad laws of the
commonwealth and the supplements thereto; that said track
so laid was a turnout of said Marginal railroad, and the de-
fendant company were lessees thereof; that before said com-
pany commenced the laying of said track, the town council of
the borough of Beaver Falls, in which said railroad was located,
by ordinance duly passed and approved, authorized the laying
of said track or turnout.

The case was referred to *Mr. J. F. Reed*, as examiner and
master, who reported in favor of dismissing complainant's bill.
Exceptions to the master's report were sustained by the court,
WICKHAM, P. J., filing the following opinion:

Opinion of Court below.

Briefly and generally stated, the following are the facts of the case: The defendant, the Hartman Steel Co., Limited, as its name implies, and as was conceded at the argument of the exceptions to the master's report, is an association organized under the act of June 2, 1874, and its supplements, for manufacturing purposes. By authority of a resolution of the council of the borough of Beaver Falls, and under an alleged lease from the Beaver Falls Marginal Railroad Co., a corporation organized under the general railway laws of this commonwealth, the defendant constructed and operated and, I presume, still operates, a railroad on Beaver street, one of the public highways of the said borough. The result is, that the properties on this street, owned and occupied by the plaintiffs, have been lessened in value and rendered difficult of access. The plaintiffs protested against the passage of the resolution mentioned, and against the building of the railroad.

It is hardly necessary to cite authorities to prove that a railroad corporation, vested with rights of eminent domain, cannot, without express authority of law, sell, lease or transfer those rights, or any part of them, to private persons, nor even to another railroad company. In Wood v. Bedford & Bridgeport R. Co., 8 Phila. 94, Judge SHARSWOOD states this well known principle very clearly and forcibly, and refers to a number of authorities which I will not reproduce. The defendant obtained no right of eminent domain under the alleged lease, which instrument, by the way, does not seem to have been produced before the master, and the council of the borough could not legally authorize that to be placed on the street, which, according to the evidence, is both a public and private nuisance.

Under the authority of Penna. R. Co's App., 115 Pa. 514, the plaintiffs are entitled to the relief for which they ask. Had the invalidity of the lease been brought more specially to the attention of the master, doubtless he would have reached the conclusion here announced. No opinion respecting the right of the railroad company to occupy the street need be here expressed.

And now, to wit: December 10, 1888, this cause having been duly heard, it is ordered, adjudged and decreed as follows, viz.: That the defendant, the Hartman Steel Co., Limited, be, and hereby is, permanently enjoined and restrained from retaining,

Opinion of the Court.

maintaining, using, or operating in any manner whatsoever, a railroad track, or siding, upon or along Beaver street, in the borough of Beaver Falls, county of Beaver and state of Pennsylvania; and that the defendant pay the costs of this proceeding.

The defendant thereupon took this appeal, assigning the decree of the court as error.

*Mr. John M. Buchanan* (with him *Mr. Frank M. Laird*), for the appellant.

Counsel cited: Penn. Schuylkill V. R. Co. v. Walsh, 124 Pa. 544; Penn. Schuylkill V. R. Co. v. Ziemer, 124 Pa. 560; 1 High on Injunctions, 2d ed., §§ 23, 594; Mechling v. Bridge Co., 1 Gr. 416; Cox v. Railroad Co., 10 W. N. 553; s. c., 11 W. N. 571; Richards's App., 57 Pa. 113; Philadelphia City's App., 78 Pa. 39; Grey v. Railroad Co., 1 Gr. 412; Frankford etc. Turnp. Co.'s App., 11 W. N. 184.

*Mr. D. S. Naugle* (with him *Mr. Louis E. Grim*), for the appellees.

Counsel cited: Commonwealth v. Railroad Co., 27 Pa. 339; Penna. R. Co.'s App., 115 Pa. 514; Pittsb. etc. R. Co. v. Railroad Co., 81* Pa. 104; 1 Redf. on Railways, 3d ed., 588; Commissioners v. Long, 1 Pars. 143; Smith v. Cummings, 2 Pars. 93; Bispham's Equity, 2d ed., § 439; Story's Eq. J., 12th ed., § 924; High on Injunctions, ed. 1873, §§ 2, 500, 521; Carney v. Greene, 137 Mass. 64; Bunnell's App., 69 Pa. 62; Commonwealth v. Rush, 14 Pa. 186.

PER CURIAM:

This decree is affirmed upon the opinion of the learned judge of the court below.

The decree is affirmed and the appeal dismissed at the costs of the appellant.