# Commonwealth *v.* Greybill.

*Railroads—Siding—Nuisance—Highway—Act of April 2, 1831, P. L.* 373, *sec.* 19. ·

Section 32 of the act of April 2, 1831, incorporating the Cumberland Valley Railroad Company, provided as follows : " That the company shall not prevent any person or persons, being the owner or owners of any land bordering on said railroad, or adjacent thereto, from making such lateral railroads, and to connect them with said railroad from said lands, as the said person or persons may conceive necessary, but so as not to interfere with or impede the use thereof." *Held,* that there was nothing in this section which authorized an individual to lay or maintain railroad tracks for a siding upon a public highway.

On the trial of an indictment for nuisance for maintaining a railroad track as a siding on a public highway, the defendant may be permitted to show that although the siding ran into his mill, yet it had been actually constructed, maintained and repaired by the railroad company from whose line it extended.

Argued May 6, 1901. Appeal, No. 4, March T., 1902, by defendant, from judgment of Q. S. Cumberland Co., on indictment for nuisance in case of Commonwealth v. John D. Greybill. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Reversed.

Indictment for nuisance. Before Simonton, P. J., specially presiding.

At the trial it appeared that a siding had for many years been maintained from the tracks of the Cumberland Valley Railroad in the borough of Carlisle across Main street to defendant's flour mill. The defendant claimed that he had not constructed and did not maintain the siding.

When Chauncy M. Ives was on the stand the following offer was made: ·

It is proposed to prove by the witness on the stand that in 1881 he was chief engineer of the Cumberland Valley Railroad Company; that as chief engineer of the Cumberland Valley Railroad Company he changed the sidings on Main street placing the sidings as they now are with rails furnished by the Cumberland Valley Railroad Company; that he ran the siding into the mill; this for the purpose of claiming that the siding

belongs to the Cumberland Valley Railroad Company and was constructed by them; to be followed by proof that they have since repaired it, and for the purpose of claiming that the defendant in this case is not maintaining the turnout in dispute.

Mr. Beltzhoover: Objected to.

The Court: We think as we said in the last offer that the mere fact the company claims the ownership or directed work to be done on it, would be no proof of their ownership. I do not understand that this offer goes so far that they did work on it, but that they may have done for the owner. At all events it does not show that they owned it. The objections are sustained, the evidence is excluded and an exception noted for the defendant. [3]

Mr. Woods: It is proposed to prove by the witness on the stand, W. W. Stewart, that he is the supervisor of the Cumberland Valley Railroad Company; that he has had charge and supervision of their tracks since 1892; that when he took charge of the Cumberland Valley Railroad he found this siding in place; that he has since sent supplies for the repair of the same, and that for the purpose of claiming that this is an attachment of the Cumberland Valley Railroad Company and owned by them and maintained by them.

Mr. Beltzhoover: We make the same objections as we made to the former offers.

The Court: Same ruling; exception noted for the defendant. [4]

The court charged in part as follows:

[There has been no such authority shown in this case. Some question has been raised by the defendant about the right of the Cumberland Valley Railroad Company and the suggestion that they may have put it there. There is no evidence of that whatever; there has been no evidence given showing that the Cumberland Valley Railroad Company had any right to put it there, or that they did in fact put it there under any legal right. There has been no evidence given in the case as to the right of the Cumberland Valley Railroad Company through or along the street from their track from which this siding runs into the premises of the defendant. With their right on the street we have nothing to do in this case; it is not in question, but the

suggestion that they may have had the right to build this siding or track across the street and into the premises of defendant cannot be accepted, because no evidence whatever has been given to show that they have any such right.] [9]

[You have thus a case on the evidence in which there is no reasonable doubt. You have a case of a public highway with a railway upon it; no right shown to construct that railway, and you have the uncontradicted evidence, including the evidence of the defendant himself, that he does use this track and that he maintains it in the sense of keeping it in operation and running his cars upon it. There is, therefore, gentlemen, no disputed question of fact in the case that bears upon the final result, and therefore there is nothing to be left to you in the case which would warrant you to come to a conclusion in any other way than one, and that is, the conclusion that the verdict must be a verdict of guilty of maintaining this nuisance, and therefore it is not necessary for me to charge you at any length.] [10]

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* amongst others were (3, 4) rulings on evidence, quoting the bill of exceptions. (9, 10) Above instructions, quoting them.

*R. W. Woods*, for appellant.—Defendant and railroad each had the right to connect adjacent property with the railroad on a public highway : Mayor, etc., of Pittsburg v. Penna. R. R. Co., 48 Pa. 355; Duncan v. Penna. R. R. Co., 94 Pa. 435; Penna. R. R. Co.'s App., 115 Pa. 514; McAboy's App., 107 Pa. 548; Penna. R. R. Co. v. Duncan, 111 Pa. 352; Volmer's App., 115 Pa. 177.

The evidence offered should have been received : Danville, etc., R. R. Co. v. Com., 73 Pa. 29; Northern Cent. Ry. Co. v. Com., 90 Pa. 300 ; Com. v. Northern Cent. Ry. Co., 7 Pa. Superior Ct. 234; Wood on Nuisance, 89.

Laches may be imputed to the commonwealth as well as to an individual : Com. v. Bala & Bryn Mawr Turnpike Co., 153 Pa. 47.

*F. E. Beltzhoover*, with him *W. A. Kramer*, for appellee.— A railway company cannot occupy a street unless such right is

clearly conferred by the legislature. The unauthorized occupation of a street by a railway is a nuisance per se: Weimer on Railroads, p. 871, sec. 563; Trickett on Boroughs, p. 506; Penna. R. R. Co.'s Appeal, 115 Pa. 526, 529; Penna. R. R. Co.'s Appeal, 93 Pa. 150.

In a nuisance per se the wrong is established by mere proof of the act: Com. v. McNaugher, 131 Pa. 55; Com. v. Marshall, 137 Pa. 170; Penna. R. R. Co.'s Appeal, 115 Pa. 526; Dennis v. Eckhardt, 3 Grant, 392; Penna. R. R. Co.'s Appeal. 93 Pa. 150; Barker v. Hartman Steel Co., 129 Pa. 551; McNerney v. Reading, 150 Pa. 611; Glenn v. Com., 5 Cent. Repr. 492; State v. Woodward, 23 Vt. 92; Wood on Nuisances, 255, 260.

No private individual or incorporated company, not empowered to do so by an act of the legislature, can take posession of a street and make a railroad upon it without being guilty of a criminal offense: Com v. Erie, etc., R. R. Co., 27 Pa. 354.

A manufacturing company cannot acquire from a railroad company the right of eminent domain vested in the latter so as to be enabled to construct and operate a railway upon the streets of a borough even with the consent of the municipal authorities. Such a structure is both a public and private nuisance: Barker v. Hartman Steel Co., 129 Pa. 551; Hopkins v. Catasauqua Mfg. Co., 180 Pa. 199.

The public cannot be deprived of its rights by encroachments. Buildings erected on the public grounds or on highways acquire no right on account of time or expenditures: Com. v. Alburger, 1 Wh. 486; Rung v. Shoneberger, 2 W. 23; Wartman v. Phila., 33 Pa. 202; Phila. v. Phila. & Reading R. R. Co., 58 Pa. 253; Com. v. Moorehead, 118 Pa. 354; Kopf v. Utter, 101 Pa. 27; Com. v. McDonald, 16 S. & R. 389; McGee's App., 114 Pa. 476; Phila. & Trenton R. R. Co.'s Case, 6 Wh. 25.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

The defendant has been convicted of maintaining a nuisance on a public street in the borough of Carlisle. The tracks of the Cumberland Valley Railroad Company occupy longitudinally a part of one of the streets of the borough. From these tracks

a "turn out" was, more than a quarter of a century ago, constructed, leading at a sharp curve across the unoccupied part of the street; across the footway, and thence by a right of way owned by the defendant, to his mill. The evidence admitted does not show that the defendant originally constructed the "turn out," nor, indeed, who built it. The commonwealth alleges that the defendant maintained it and, being without authority of law to maintain railroad tracks upon a public highway, that he thereby became guilty of the misdemeanor charged. The first matter of defense is that the defendant had the power to construct and maintain the "turn out" track (as above described), under the legislative grants contained in the charter of the Cumberland Valley Railroad Company. This we cannot concede. Section 19 of the act of April 2, 1831, creating the franchise, is as follows: "That the company shall not prevent any person or persons, being the owner or owners of any land bordering on said railroad, or adjacent thereto, from making such lateral railroads, and to connect them with said railroad from said lands, as the said person or persons may conceive necessary, but so as not to interfere with or impede the use thereof." It may be that this legislation would have given to the defendant some right had he been able to connect with the tracks of the railroad without going upon the public highway, but it gave the defendant no right to lay or maintain railroad tracks upon the public highway. The right to do this must be clearly conferred by the legislature: Commonwealth v. Erie, etc. R. R. Co., 27 Pa. 354. It is not conferred by the language quoted. Nor could the defendant procure by purchase, lease or transfer from the railroad company, the power to do that which involves the exercise of the right of eminent domain: Barker v. Hartman Steel Co., 129 Pa. 551.

The real question in the case was largely one of fact, namely, Did the defendant maintain the "turn out" on the public highway? He is not shown to have constructed it. He says that he drew cars over it and over his own right of way to his mill; that the track upon the right of way he kept in repair; but that the "turn out" was reconstructed, repaired and maintained by the railroad. He was partially corroborated by an employee of the railroad who in effect said, that the railroad company had relaid the track of the "turn out" a few years before the

trial, and had made repairs to it, but added, that a report of the cost thereof was by him returned to the company as made to " Greybill's siding," and that this he would not have done in the case of one of the company's own sidings. The witness further testified that he did not know whether the cost of the work which he did was charged by the company to Greybill or not.

The facts that the defendant used the " turn out " as described, and that bills for some of the repairs to it made by the railroad company may have been rendered to the defendant and paid by him, did not shut off all inquiry as to the relation which the railroad bore to the maintenance, construction and reconstruction of the " turn out " as part of its trackage. The defendant's conduct might have been consistent with his claim of nonliability, if he had been permitted to show, by the chief engineer of the railroad company, that he, acting for the company, had " changed the sidings on Main street as they now are with rails furnished by the Cumberland Valley Railroad Company ; that he ran the sidings into the mill ; " especially as the defendant offered to follow this by proof that the railroad company had subsequently repaired the sidings.

We think, therefore, that the learned trial judge should have admitted the evidence covered by the defendant's offers of proof, the rejection of which is made the basis of the third and fourth assignments of error. If the proof had come fully up to the offers, it would have aided the jury (to whom the question should have gone) in determining whether in point of fact the defendant or the railroad had constructed or reconstructed or was maintaining the piece of track constituting the alleged nuisance. If the jury should find that not the defendant but the railroad company (whether lawfully or not) reconstructed and maintained the " turn out," there could be no conviction, even though the defendant may have moved cars over the " turn out" to his own right of way.

Elaborate arguments have been presented by learned counsel upon the question whether the railroad company has the right, under its charter, to construct and maintain the " turn out," of which complaint is made. We do not think it necessary to pass upon this question now. The company is not indicted. If it had been set up that the defendant kept the " turn out " in re-

pair for and on behalf of the railroad company, the existenec of the power in the company to construct and maintain the "turn out" on the public highway would have become an important matter. As the case now stands, the proposition, thus presented, is not raised. The defendant has proceeded upon the theory that he neither constructed nor maintained the "turn out," or failing to show this, that he himself had the right, under the powers contained in the original grant of franchise to the railroad company, to construct and maintain the "turn out." The latter proposition, as we have seen, is not sustainable. The former is a question of fact. Were we to hold as matter of law that the railroad company under its charter had the right to construct and maintain such a "turn out," the question of fact would still remain, namely, did the company construct and maintain it? This being found affirmatively, the defendant is relieved and the question of law becomes unimportant. We specifically sustain the third and fourth assignments of error, and such only of the other assignments or parts thereof, as may be affected by the views herein expressed.

The judgment is reversed and a new venire is awarded.