# Harnish, Appellant, *v.* Quarryville Railroad Company.

*Railroads—City street—Private siding—Right to construct siding—Right of adjacent property owner—Consent of city—Bill in equity—Injunction.*

1. The legislature may authorize a railroad company to lay its track on a public street in a city.

2. While ordinarily the right of a railroad company to construct tracks on the streets of a city carries with it by necessary implication the right to build and connect sidings, a railroad company, whose tracks occupy a city street, has no right to construct

a siding asked for by an adjoining owner without the consent of the city, where the right given the company by the legislature to use, pass over and occupy such street in the construction of its road contemplated the continued use of the street as a public thoroughfare, and it appears that it could continue to be so used, if sidings from the railroad tracks were not constructed.

3. A bill in equity by an owner of a coal yard fronting on a street occupied by the tracks of the defendant railroad company, alleged that plaintiff had demanded from the defendant company a siding, with switching connections, from the line of the railroad to his coal yard, to be constructed at his expense, and that the company had refused to construct the siding. The defendant company filed an answer denying the right of the plaintiff to connect with the railroad without the consent of the city and averring that the city had not only refused consent, but had notified defendants that it would enjoin them from constructing the siding if attempted. The city intervened as a party defendant and in its answer denied the right of the complainant to make the siding connection without its consent. The case was heard on bill and answer under an agreement that the sole question to be considered and determined was "the question of law as to whether or not the plaintiff is entitled to a mandatory injunction against the defendants to lay the proposed siding on South Water street, in the City of Lancaster without the consent of the municipal authorities of said city, and after notice to the railroad companies, defendants, that the City of Lancaster has refused to grant such permission to the complainant in this bill." Under its charter, the railroad company had express authority to lay its track on Water street, the right so given contemplating the use of the street as a public thoroughfare; and the court below, under the undisputed facts, reached the following conclusion, which was not assigned as error: "If the plaintiff has the right which he claims in his bill, every other resident along Water street is certainly vested with a like right and which if pursued to its extremity would render Water street almost useless as a public thoroughfare." *Held*, the court did not err in dismissing the bill.

4. In such case, the fact that there are already sidings connected with the railroad on such street does not justify the complaint of unlawful discrimination, in view of the fact that the city refused to give its consent to the construction of such siding.

Beaver Borough v. Beaver Valley R. R. Co., 217 Pa. 280, distinguished.

Argued May 18, 1914. Appeal, No. 173, Jan. T., 1914, by plaintiff, from judgment of C. P. Lancaster Co.,

Equity Docket No. 5, page 438, dismissing bill in equity for a mandatory injunction in case of Christian K. Harnish v. Quarryville Railroad Co. and Pennsylvania Railroad Co., Agent, defendants, and the City of Lancaster, intervening defendant.    Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.    Affirmed.

Bill in equity for a mandatory injunction.    Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill.    Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*M. M. Harnish,* of *Harnish & Harnish,* and *John E. Malone,* for appellant.—Discrimination against the plaintiff in refusing to permit the construction of a siding to his property is in violation of the statutes of Pennsylvania and acts of assembly: Moser v. Railroad Co., 35 Pa. C. C. R. 49; Pittsburgh & Lake Erie Railroad Co. v. Robinson, 95 Pa. 426; Reeser v. Philadelphia & Reading Ry. Co., 215 Pa. 136; Minds v. Penna. R. R. Co., 228 Pa. 575; Atlanta Coal Mining Co. v. Beech Creek Railroad Co., 144 Fed. Repr. 150.

The railroad's charter right to lay its tracks on the street includes the right to lay sidings.    The original laying of the tracks does not amount to an exhaustion of the company's power to lay sidings in the future: Getz's App., 10 W. N. C. 453; Pottsville Boro. v. People's Ry. Co., 148 Pa. 175; Beaver Boro. v. Beaver Valley Railroad Co., 217 Pa. 280; Cleveland & Pittsburgh Railroad Co. v. Speer, 56 Pa. 326; Black v. Railroad Co., 58 Pa. 249; Dunmore Boro. v. Scranton Ry. Co., 34 Pa. Superior Ct. 294; Taylor v. Railway Co., 37 Pa. Superior Ct. 292; Northern Coal & Iron Co. v. Wilkes-Barre, 218 Pa. 269; Olyphant Boro. v. Railroad Co., 225 Pa. 147.

*Bernard J. Myers,* City Solicitor, with him *W. U. Hensel* and *John A. Nauman,* for appellees.—The defendant company does not have the right to lay the sidings without the consent of the municipal authorities: Southwark Railroad Co. v. Philadelphia, 47 Pa. 314; Harrisburg Railroad Co. v. Harrisburg, 7 Pa. C. C. R. 584; Knickerbocker Ice Co. v. Philadelphia, Etc., R. R. Co., 15 Philadelphia 48; Pennsylvania Railroad Company's App., 116 Pa. 55; Western Pennsylvania Railroad Company's App., 99 Pa. 155; Commonwealth v. Erie, Etc., Railroad Co., 27 Pa. 339.

OPINION BY MR. JUSTICE BROWN, July 1, 1914:

By an act of assembly approved May 10, 1871, P. L. 1872, 1287, the Lancaster & Reading Narrow Gauge Railroad Company was incorporated, with authority to construct a railroad from the City of Lancaster to the City of Reading, and branches therefrom; and by a supplementary act approved April 3, 1873, P. L. 494, it was authorized "to use, pass over and occupy such streets and alleys in the City of Lancaster as may be required in the construction of its roads." All of the property, rights and franchises of this company passed by purchase to the Quarryville Railroad Company in 1894, and the road is now being operated for that company by the Pennsylvania Railroad Company. In the construction of its road the Lancaster & Reading Narrow Gauge Railroad Company occupied, longitudinally, Water street, in the City of Lancaster, and the trains of the Pennsylvania Railroad Company now run over it. The plaintiff has a coal yard fronting on said street, along the tracks of the Quarryville Railroad Company, and demanded of it and the Pennsylvania Railroad Company a siding, with switching connections, from the line of the railroad to his coal yard, to be constructed at his expense. Upon the refusal of these companies to give him the siding connection he filed this bill for a mandatory injunction to compel them to do so.

In their answer the defendants deny the right of the complainant to connect with their railroad without the consent of the City of Lancaster, and aver that it has not only refused consent, but has notified them that any attempt on their part to construct the siding will be enjoined by proceedings against them. After this answer was filed the City of Lancaster was granted leave, upon its petition, to intervene as a party defendant, and in its answer it denies the right of the complainant to make the siding connection without its consent, which has not been obtained. The case was heard on bill and answer under the following stipulation: "It is agreed, by all the parties to this proceeding, including the intervening defendant, that the case shall be heard on bill and answer; that, in so far as any of the allegations of fact in the bill are denied by the answer, proof is waived by the defendants, and all parties agree that the sole question to be considered and determined is, the question of law as to whether or not the plaintiff is entitled to a mandatory injunction against the defendants to lay the proposed siding on South Water street, in the City of Lancaster, without the consent of the municipal authorities of said city and after notice to the railroad companies, defendants, that the City of Lancaster has refused to grant such permission to the complainant in this bill." The legal conclusion of the learned chancellor below was that the railroad companies have no right to construct the siding asked for by the complainant without the consent of the city, and the bill was accordingly dismissed.

In granting to the Lancaster & Reading Narrow Gauge Railroad Company the right to use, pass over and occupy such streets in the City of Lancaster as might be required in the construction of its roads, the legislature gave it express authority to lay its tracks on Water street. This right or franchise cannot be questioned, even by the City of Lancaster. "That the legislature may authorize a railroad company to lay its

tracks on a public street has not been doubted since the decision in the Philadelphia and Trenton Railroad Company's case, 6 Whart. 25"; Pennsylvania Railroad Company's App., 115 Pa. 514. But if the successors of the Lancaster & Reading Narrow Gauge Railroad Company should undertake to do what is not authorized under the right or franchise to lay the tracks of the railroad on the streets of the city, and thereby prevent their use as public thoroughfares, it is not only the right, but the duty, of the city, in the interest of the general public, to enjoin such interference with the use of one of its thoroughfares. No express authority was given by the legislature to the original company to construct sidings along its road in the said city. If such authority had been conferred, there could be no doubt of the right of the company, or its successors, to exercise it. Answer is made to this that the right to construct the road on the streets carried with it, by necessary implication, the right to build and connect sidings with it. As a general proposition, this is undoubtedly correct, and we have so said, but never under conditions similar to those existing in the case now before us. The right given by the legislature is to use, pass over and occupy the streets of Lancaster in the construction of the Lancaster & Reading Narrow Gauge Railroad. The right so given contemplated the continued use of the streets as public thoroughfares, and they can continue to be so used, if obstructions in the shape of sidings do not radiate from the railroad tracks. The learned court below, under the undisputed facts, reached the following conclusion, which has not been assigned as error: "If the plaintiff has the right which he claims in his bill, every other resident along Water street is certainly vested with a like right, and this, if pursued to its extremity, would render Water street almost useless as a public thoroughfare." This, without more, called for a dismissal of complainant's bill. A mere private owner of a lot of ground fronting on Water street, he asks that,

without the consent of the city, he be given a special right or privilege in one of its highways. There is nothing in the Act of 1871 or its supplements relating to the Lancaster & Reading Narrow Gauge Railroad Company which gives him such right or privilege. What that company, or its successors, may do under these acts of assembly for their own convenience or necessities is not the question in the case.

It is earnestly contended that this decree ought to be reversed and the injunction prayed for awarded in view of what was decided in Beaver Borough v. Beaver Valley Railroad Company, 217 Pa. 280. A very different situation was there presented, and we distinctly said that to what extent an implied right to construct switches on the streets of a municipality may be exercised, where the continued maintenance of the street as a public thoroughfare is involved, was a question not raised in the proceeding. The facts in that case may be briefly stated. The Borough of Beaver, by an ordinance of the town council, authorized the railroad company to construct its railroad along and upon Fifth street for a distance of 4,368 feet. The railroad company, in pursuance of its charter and the said ordinance, constructed and was operating a railroad along and upon said street. It had no freight depot or other place in the borough for the receipt and discharge of freight and merchandise, and, for some time before the bill was filed against it, had been receiving and discharging the same at such points along the street as were most convenient to it and its patrons. At the instance of the borough an injunction was issued, restraining it from allowing its cars to stand on its tracks on Fifth street and from receiving and discharging freight or merchandise at any point along the said street. Subsequently it started to construct a switch from its main line into a lot along Fifth street, for the purpose of enabling it, in the proper and convenient operation of its railroad, to receive and deliver freight and merchandise from and

to the owners of the ground, who were engaged in the business of general contracting. The court found that, if the said switch was laid at grade from the main line of the defendant's railroad into property of the firm, as proposed by the railroad, it would not be an unreasonable obstruction to public travel along the street. In affirming the decree dismissing the bill for an injunction against the railroad company we said: "The right of the railroad company to maintain its tracks on Fifth street was conceded in the court below, and for present purposes must be conceded here. The only question then before us is, has the company the right to construct the proposed switch and siding from its established main line upon the public street for the purpose indicated? The 13th finding of fact by the court below was as follows: 'If said switch is laid at grade from the main line of defendant's railroad to the property of Cook & Anderson, as proposed by the defendant company, and averred in its answer, it will not be an unreasonable obstruction to public travel along said Fifth street.' No attempt was made to controvert this finding. In view of the fact that Fifth street is 100 feet wide this is not surprising. This is not then the case of a railroad attempting, for its own convenience, and under no compelling condition, to appropriate with the consent of the borough, an entire street, thereby diverting it from its original use and purpose, and defeating public enjoyment of the same. The use of the switch and siding would be consistent with the continued use of the street as a public thoroughfare. Under such circumstances the right of the company in the premises is not open to question."

It seems there are sidings connecting with the railroad on Water street, and a complaint of the appellant is that, in view of this, he is discriminated against by the railroad companies. This is sufficiently answered by the following in the opinion of the court below: "As between the plaintiff and the railroad companies, de-

fendants, it may be that the plaintiff has the right to insist upon a siding; but, when the controversy broadens to one between him and the municipality, we do not think he has any standing in court. It is upon this that the railroad companies, as well as the City of Lancaster, base their defense, and this appears to us to be the controlling feature of the case. If the companies have no right to construct the siding without municipal consent (and we are of the opinion that, under their acts of incorporation, they have not), then it makes no difference at this time whether or not the sidings already granted discriminate against the plaintiff."

Decree affirmed at appellant's costs.