## Murdoch, Appellant, v. City of Pittsburgh et al.

*Municipalities—Highway—Road law—Ordinance—Title—Equity—Preliminary injunction—Railroad sidings.*

1. An ordinance of the City of Pittsburgh providing for the widening and changing of grade of a public street and changing the name thereof, entitled, "An ordinance Opening Hamilton Avenue ......fixing the width and position of the roadway, establishing the grade thereof, and providing that the cost, damages and expenses occasioned thereby be assessed against and collected from properties benefited thereby," is not invalid on the ground that the title does not express or indicate the real object and purpose of the ordinance, and contains more than one subject, although the street varies in width at different points, and has been dedicated by different persons, or in part was based upon a presumption of dedication, where it appeared that the street in question had existed for more 'than twenty-one years, recognized by the city and used as a public highway.

2. Property owners for whose accommodation a railroad siding is laid in a public street are not entitled to an injunction to prevent its removal by the city, and particularly cannot complain of a change in the grade of the street, on the ground that the change interferes with and renders useless such a siding.

3. If plaintiff is entitled to damages, the remedy is at law and not in equity.

Submitted Oct. 20, 1916. Appeal, No. 197, Oct. T., 1915, by plaintiff, from decree of C. P. Allegheny Co., April T., 1915, No. 745, refusing preliminary injunction in case of Alexander M. Murdoch v. City of Pittsburgh, a Municipal Corporation, Joseph G. Armstrong, Mayor of said City, and Robert Swan, Director of the Department of Public Works of said City. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction to restrain defendants from proceeding under an ordinance for the widening and improving of a public street and changing the name of a portion thereof.   Before DAVIS, J.

The facts appear by the opinion of the Supreme Court.

The court refused the relief prayed for.   Plaintiff appealed.

*Error assigned* was in dismissing plaintiff's motion for a preliminary injunction.

*J. M. Shields,* for appellants, submitted a paper book.

*Charles A. O'Brien,* City Solicitor, and *H. M. Irons,* Assistant City Solicitor, for appellees, submitted a paper book.

OPINION BY MR. JUSTICE POTTER, January 8, 1917:

This is an appeal from the refusal of the court below to grant a preliminary injunction restraining the City of Pittsburgh from proceeding under its Ordinance No. 122 for the widening and improving of Louden street, and changing the name of a portion of the street.   The title of the ordinance brings it directly within the provisions of the Act of March 19, 1903, P. L. 35.   That the street varied in width at different points, or had been dedicated by different persons, or that parts of it had been in public use long enough to raise a presumption of dedication makes no difference.   The trial judge found, as a fact, that a street had existed for more than twenty-one years, known as Loudon street, running continuously from Enterprise street to Rastus alley, recognized by the city, and used as a public highway.   In dealing with the suggestion that the title of the ordinance does not give sufficient notice of its contents, the court below said: "The plaintiff in his bill has alleged that Ordinance No. 122 is invalid for the reason that (c) 'the title to said ordinance is defective and does not express or indicate

the real subject and purpose of the ordinance, and contains more than one subject.' The Act of May 26, 1891, P. L. 117, section 1, provides 'That in all cases of assessment of damages for the opening or widening of any street or highway in any city of this Commonwealth, the award of damages, if any, shall include all damages due to the grade at which said street or highway is to be opened or widened, and the plan attached to the report of the viewers awarding the damages shall have therein a profile plan showing the existing grade.'

"The law providing that the widening or any street shall also include the fixing of the grade and assessment of all damages for the taking of the land and the change of grade in one proceeding, indicates that such improvement of a street should be done under one ordinance.

"A change of the name of the street from Louden street to Hamilton avenue, in the same ordinance, in connection with the general improvement of Hamilton avenue under eight different ordinances, is merely an incident to the passage of this ordinance, in the general plan of improvement, and does not affect the right of the plaintiff or any other person that may be interested in the improvement." We agree with the conclusion thus reached and stated, and we are satisfied that the title of the ordinance is sufficiently comprehensive to indicate its purpose.

The court below found, as matter of fact, in its fifth finding, that the six-inch strip at the easterly end of Louden street on the eastern line of Rastus alley is included in Ordinance No. 120, and provision for its acquisition is therein made. It is not, therefore, affected by the ordinance here under consideration.

In the sixth finding of fact, the court below found "That the six-inch strip at the westerly line of the Murdoch Plan has not only been dedicated as part of the street, but has also been used continually and adversely by the public as a public highway between the part of the street in the Murdoch Plan and the part of the street

in the Snyder Plan for more than twenty-one years."
This finding disposes of the question of the dedication
of that particular strip.

With respect to the railroad siding or switch described
in the bill, it appears from the evidence that it was laid
upon what was at the time a public street, and that it
was so placed for the accommodation and benefit of ad-
joining lot owners.   Such persons have no legal right to
maintain a railroad track or siding upon a public street,
and they are not entitled to an injunction to prevent the
removal by the city of such a track or siding: Baker et
al. v. Hartman Steel Co., 129 Pa. 551; Hopkins v. Cata-
sauqua Mfg. Co. et al., 180 Pa. 199; Harnish v. Quarry-
ville R. R. Co., 246 Pa. 426.   In any event, the city would
have the right to change the grade of the street, even
though it should thereby interfere with the siding and
render it useless.   If the owner of the switch could show
that he was in any way entitled to damages, he would
have an adequate remedy at law, and for that reason no
remedy in equity would be needed.

The motion for a preliminary injunction was properly
refused, and this appeal is dismissed at the cost of ap-
pellant.