Statement of Facts.

## J. H. LANE ET AL. v. AMBROSE WHITE.

140    99
f 36 SC ¹586

140    99
f39SC¹119

APPEAL BY THE PHILA. ETC. CO. FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 28, 1891—Decided February 16, 1891.

1. Legislation which affects rights will not be construed to be retroactive, unless it is so declared in the act; but, where it concerns merely the mode of procedure, it is applied, as of course, to litigation pending at the time of its passage: Kille v. Iron Works, 134 Pa. 225.
2. In an action of foreign attachment, pending when the act of May 10, 1889, P. L. 183, was passed, the plaintiff, having filed his statement of claim fifteen days, may take judgment against defendant in default of appearance at and after the third term after the execution of the writ.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 216 July Term 1890, Sup. Ct.; court below, No. 6 December Term 1888, C. P. No. 4.

On September 17, 1888, J. H. Lane and H. W. Richardson, late partners as J. H. Lane & Co., brought foreign attachment against Ambrose White, doing business as Ambrose White & Co., summoning the Philadelphia Insurance, Trust & Safe-Deposit Company as garnishee. The writ was returned served, as to the garnishee, and nihil habet, as to the defendant.

On May 25, 1889, the plaintiffs filed a statement of claim, and on July 8th, caused judgment to be entered for want of an appearance, the sum due being liquidated at $1,111.66. The next day, July 9th, interrogatories were filed and a scire facias upon the garnishee issued.

On August 29, 1889, on motion of the garnishee, rules were taken to show cause why the judgment against the defendant should not be stricken off, and the writ of scire facias and the interrogatories quashed. On the argument of these rules, the ground was taken that as no narr or statement of claim had been filed on or before the return day of the writ of foreign attachment, no judgment could be entered against the defendant for want of an appearance. On September 21st, both rules were discharged.

Arguments.

On October 7, 1889, January 27 and June 4, 1890, the garnishee filed an answer and amended answers, showing that at the date of the service of the writ of foreign attachment the garnishee had in its possession $773.21 belonging to the defendant; that after said service two other writs of foreign attachment against the same defendant had issued, and on March 29, 1889, had been served upon the respondent as garnishee; that, in each of said last mentioned attachments, statements of claim had been filed before the return days thereof, and that on December 7, 1889, being the third term after the writs had issued, judgments in the same had been taken against the garnishee.

On June 26, 1890, a rule for judgment upon the garnishee's answers was taken, and on July 5, 1890, the rule was made absolute, and it was adjudged that the garnishee had in its hands $773.21 belonging to the defendant, and that plaintiff should have execution " out of said money, less garnishee's counsel fee, taxed at $40." Thereupon the garnishee took this appeal, specifying that the court erred:

1. In entering judgment against the defendant for want of an appearance.

2. In discharging the rule taken by the garnishee, to strike off the said judgment.

*Mr. Samuel B. Huey* (with him *Mr. R. L. Ashhurst*), for the appellant.

That the act of May 10, 1889, P. L. 183, did not operate retroactively, counsel cited: Neff's App., 21 Pa. 243; Fisher v. Farley, 23 Pa. 501; Becker's App., 27 Pa. 52; Holman's App., 24 Pa. 174; Taylor v. Mitchell, 57 Pa. 209; Snyder v. Bull, 17 Pa. 54; Greenough v. Greenough, 11 Pa. 489; Shinkle v. Crock, 17 Pa. 162; McCarty v. Hoffman, 23 Pa. 507; Chalker v. Ives, 55 Pa. 84; Steckel's App., 64 Pa. 493. That the rights which vested in the plaintiffs in the second attachments, served on March 29, 1889, could not be taken from them by reason of anything done under the act of May 10, 1889: Kenyon v. Stewart, 44 Pa. 179; Baggs's App., 43 Pa. 512; Penrose v. Canal Co., 56 Pa. 46; Shonk v. Brown, 61 Pa. 325; Richards v. Rote, 68 Pa. 255; Ervine's App., 16 Pa. 257; De Chastellux v. Fairchild, 15 Pa. 20.

Opinion of the Court.

*Mr. James A. Develin* (with him *Mr. Theodore D. Rand*), for the appellees.

That the act of May 10, 1889, is applicable to pending cases, counsel cited: Kille v. Iron Works, 134 Pa. 225; Dwarris on Statutes, 231, 234; Broom's Maxims, 35; McFarland v. Commissioners, 12 S. & R. 298; Koch's Est., 5 R. 340; Fenelon's Pet., 7 Pa. 173; Mercer v. Watson, 1 W. 330; s. c. 8 Pet. 111; Keene's App., 64 Pa. 273; Long's App., 87 Pa. 119; Kimbray v. Draper, L. R. 3 Q. B. 160; Phelps's App., 98 Pa. 50. That the act, affecting the remedy only, was constitutional: Cooley's Const. Lim., 456; Tate v. Stooltzfoos, 16 S. & R. 35; Penrose v. Canal Co., 56 Pa. 46; Foster v. Gray, 22 Pa. 16; Underwood v. Lilly, 10 S. & R. 97; Hepburn v. Curts, 7 W. 300; Schenley v. Commonwealth, 36 Pa. 58; Lane v. Nelson, 79 Pa. 407; Bolton v. Johns, 5 Pa. 149; Satterlee v. Matthewson, 16 S. & R. 178.

Per Curiam:

Under the decision in Melloy v. Burtis, 124 Pa. 161, the judgment in this case against the defendant would have been irregular and the garnishee entitled to move to have it stricken off. But, before the judgment was entered, the act of May 10, 1889, P. L. 183, was passed, which authorizes the plaintiff in foreign attachment, "at and after the third term of the court after the execution of the writ, to take judgment against the defendant for default of appearance, unless the attachment before that time be dissolved: provided, fifteen days prior to the entry of said judgment he shall have filed his declaration." We think the case comes within this act, and that the judgment was lawfully entered. It was urged, however, that the act referred to was not intended to be retroactive. The doctrine upon this subject will be found condensed in Kille v. Iron Works, 134 Pa. 227: "Legislation which affects rights will not be construed to be retroactive, unless it is declared so in the act; but, where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage."

We regard the act of 1889 as applying to the mode of procedure merely, and hence the case in hand comes within it.

Judgment affirmed.