## Beechwood Avenue Sewer (2).   Pittsburg's Appeal (2).

[Marked to be reported.]

*Sewers—Assessment for benefits—Appeals—Constitutional law—Trial by jury—Act of May 16, 1891.*

Under the act of May 16, 1891, P. L. 75, an owner of land whose property has been assessed for benefits for a sewer, has a right to an appeal from the award of viewers, and to a trial by jury.

Argued Nov. 4, 1896.  Appeal, No. 139, Oct. T., 1896, by the City of Pittsburg, from order of C. P. No. 1, Allegheny Co., June T., 1896, No. 94, sustaining an appeal from award of viewers.  Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Appeal from award of viewers to assess damages and benents for constructing a sewer on the line of Beechwood avenue and private property of W. A. Hoeveler, et al.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in not striking from the record the appeal of W. A. Hoeveler et al.

*T. D. Carnahan*, with him *Clarence Burleigh*, for appellant.—There does not appear to be any case in which it is decided that a party assessed benefits for the cost of a sewer (apart from any element of damages) or for the actual grading, paving and curbing of a street, has a right to a trial by jury: Michener v. Phila., 118 Pa. 535.

In Philadelphia, the city assesses $1.50 per lineal foot of frontage for sewers: Act of April 8, 1864, P. L. 324; Act of March 27, 1865, sec. 1, P. L. 791; Brightly's Purdon's, 12th ed. pp. 1, 502, sections, 627 and 628.

The cities of the third class sewer assessments are made according to benefits, or according to frontage, or according to assessed valuation of lands abutting, for purposes of city taxation, as councils may determine. Councils appoint the viewers and dispose of appeals from their report: Act of May 23, 1889, P. L. 277. The courts have nothing to do with these benefit assessments, and this act has been repeatedly sustained by the Supreme Court: Hand v. Fellows, 148 Pa. 456; Scranton v. Whyte, 148 Pa. 419; Scranton v. Arnt, 148 Pa. 210; Scranton v. Jermyn, 156 Pa. 107.

There is no constitutional right of appeal from an assessment for the costs and expenses of a municipal improvement: Oil City v. Boiler Works, 152 Pa. 348; Gwinner v. R. R., 55 Pa. 126; Bowers v. Braddock Boro. 172 Pa. 596.

An assessment for the costs and expenses, whether the same is laid by councils or by a board of viewers, is a species of taxation, and falls within the well recognized functions of municipal government. It is essentially an exercise of the taxing power, with which courts and juries, of right, have little to do: Michener v. Phila., 118 Pa. 535; Oil City v. Boiler Works, 152 Pa. 348; Hammett v. Phila., 65 Pa. 146; Washington Ave., 69 Pa. 352; Harrisburg v. Segelbaum, 151 Pa. 172; Harrisburg v. McCormick, 129 Pa. 213; Witman v. Reading, 169 Pa. 375.

When a wrong principle has been adopted, as in the Park Avenue Sewers, 169 Pa. 433, or when there is no right to assess

whatever, as in Morewood Avenue, 159 Pa. 20, the authority of the court may be properly invoked in this way.

The act of 1891 distinguishes benefits from damages; benefits are passed upon by the court on exception, while damages are determined by the court and jury on appeal.

*James R. Sterrett,* for *W. A. Hoeveler et al.,* appellee.—Appellees base their right to an appeal and trial by jury upon, (1) the constitutional right given by article 16, section 8, of the constitution and, (2) the statutory right given by the act of May 16, 1891, P. L. 75 ; Pusey's App., 83 Pa. 67 ; Tourison's App., 171 Pa. 38.

OPINION BY MR. JUSTICE DEAN, January 4, 1897 :

The general proceedings ending in this decree have been stated in City of Pittsburg's Appeal, No. 144, October term, 1896, ante, 490, and need not be repeated.  The appellees here, and appellants from the award of viewers to assess damages and benefits, owned eighteen acres of farm land in the sewer district, on which was a small house; through this land for the distance of nearly eleven hundred feet was constructed Beechwood avenue sewer.  The viewers assessed upon the land, by reason of the construction of the sewer, a net benefit of four thousand four hundred and six dollars, or about two hundred and fifty dollars per acre for the tract; the owners appealed and demanded a jury trial, which the court below awarded, and from that decree we have this appeal by the city.

It is argued there is no right of appeal, because no question of damages is involved, only an assessment of benefits to pay costs of construction of sewer.  This argument, it seems to us, ignores the substance of the whole proceeding resulting in the appointment of the viewers and their report.   They say: " Beechwood avenue is located over private property, and the sewer is very largely on the line of this location, but the avenue is not opened, and therefore the location of the sewer is still on private property to a great extent."   Certainly in this case there was an actual taking of private property for public use when the city laid its sewer for eleven hundred feet through appellees' land.   Then further, the viewers say: " Owners of certain properties have submitted claims for damages by reason

of the location of the sewer upon their properties. These claims were all duly heard, but the viewers being of the opinion that no property had been damaged, but, on the contrary, that all the abutting properties have been specially benefited to the full amount of their respective assessments, have disallowed all claims for damages." It seems clear in the most narrow construction of the constitutional right and the statutory right under act of 1891, these appellees could successfully demand a jury trial. Their property had been actually taken, and they had been assessed with a net benefit on a comparison of the damages and benefits. But we held in Tourison's Appeal, 171 Pa. 38, that in grading a street by the city, the result of the proceeding as a whole is the payment of damages, which either the specially benefited lot owners must pay, or the general public, the city, and that damages and benefits are a result obtained by a comparison of the advantages and disadvantages; that a careful reading of the whole act led to no other conclusion than that an appeal was demandable by a lot owner who had been assessed with benefits. This decision was directly in the line of Pusey's Appeal, 83 Pa. 67. Nor is there any conflict between it and Michener v. City, 118 Pa. 535, as the court below states. The proceeding in the latter case was a scire facias on a municipal lien filed for the construction of a sewer on Carlisle street, a long-opened, built-up, and traveled street, on which fronted the defendant's property. An affidavit of defense was filed in which the owner averred the sewer did not specially benefit his property, and that its advantages inured to the general public, and therefore the enforcement of such claims was in derogation of his constitutional rights in that it appropriated his property to public use without compensation. The lien was filed under the act of March 13, 1866, which authorized city councils to construct municipal improvements and fix the rate of assessments. By ordinance, the rate was fixed at one dollar and fifty cents per front foot on abutting property owners, and the lien filed accordingly. The court below entered judgment against defendant for want of a sufficient affidavit of defense. On appeal to this court the assessment was held to be municipal taxation for a city improvement, and that the legislative powers of councils to make such improvements as they deemed necessary could not be questioned by

the courts or the property owner in that form of proceeding. Neither in Tourison's Appeal, nor in this case, is the constitutional power of the city questioned; the right to make the improvement and assess benefits is conceded; the question in both is, has the property owner, in the method pointed out in the act of 1891, in a proceeding for the assessment of damages and benefits, the constitutional right to demand a jury trial on assessment of benefits? Or to state this proposition in an exaggerated form, can the city construct through a sparsely inhabited territory a sewer more than two miles long, of a size and material that makes its cost equal in value, all the property abutting on it, and assess that cost upon the property as special benefits, and thereby deprive the owner of a jury trial. While this is an extreme case now, it may become not an uncommon one if the owner be deprived of his right. A most careful reconsideration of the legislation passed on in Tourison's Appeal, supra, has only served to convince us that it was rightly decided, and we adhere to it. We admit the inconvenience to the city of the delay in collection of benefits which results from protracted litigation; but that will not warrant a strained construction of the law, so as to deprive the owner of a constitutional right; it is rather a suggestion to the city that before making extensive improvements it should carefully consider not only the cost, but the delays incident to collection of the cost from the citizen.

The decree of the court below is affirmed.