## Brackney, Appellant, *v.* Crafton Borough.

*Constitutional law—Sewers—Municipal improvements—Act of April 2, 1903, P. L. 124—Constitution of Pennsylvania, article XVI, sec. 8—Taxation.*

The Act of April 2, 1903, P. L. 124, which provides that the report of a board of viewers shall be final and conclusive when confirmed by the court as to any assessment made therein to pay the costs and expenses of any street, sewer, or other improvement, does not violate section 8 of article XVI of the constitution of Pennsylvania, which prohibits the general assembly from depriving any person of an appeal from any preliminary assessment of damages made against him by viewers. In such a case the assessment contemplated by the constitution referred to the damage sustained by a property owner whose property has been taken, injured or destroyed, and not to the costs of a municipal improvement, which are in the nature of a tax.

Argued April 10, 1906. Appeal, No. 80, April T., 1906, by plaintiff, from order of C. P. No. 3, Allegheny Co., May T., 1904, No. 666, making absolute rules to strike off appeals in case of J. E. Brackney v. Crafton Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ. Affirmed.

Rule to strike off appeals. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the Court.

*John Rebman, Jr.*, with him *J. M. Shields*, for appellant.— The provision of this act of 1903 offends against the constitution, because it prohibits the "free and open access to the courts of justice which the bill of rights so plainly guarantees to every citizen of the commonwealth," as stated by Justice

WILLIAMS in the case of Wyoming Street, 137 Pa. 494, and by Judge SLAGLE in Pittsburg's Petition, 138 Pa. 401. See also Tourison's App., 171 Pa. 38; Beechwood Avenue Sewer, 179 Pa. 494.

*John O. Petty*, for appellee.—The "preliminary assessment of damages" referred to, is that damage sustained by the owner of property when it is "taken, injured or destroyed" by the construction or enlargement of public works, highways or improvements: In re Towanda Bridge Company, 91 Pa. 216; Monongahela Bridge Company v. Railway Company, 114 Pa. 478; Tourison's Appeal, 171 Pa. 38.

There is no constitutional right of appeal from an assessment for the costs and expenses of a municipal improvement: Oil City v. Oil City Boiler Works, 152 Pa. 348; Pennsylvania R. R. Co. v. Lutheran Congregation, 53 Pa. 445; Williams v. Pittsburg, 83 Pa. 71.

OPINION BY HENDERSON, J., October 5, 1906:

The assessment from which the appellant claims the right to appeal was made to pay the cost and expense of the construction of a sewer along the appellant's lot. No property was taken, injured or destroyed, nor was any claim for damages presented. Under the Act of April 2, 1903, P. L. 124, the report of a board of viewers when confirmed by the court is conclusive as to any assessment made therein to pay the costs and expenses of any street, sewer or other improvement unless an appeal be taken to the Superior or Supreme Court within thirty days. This act the appellant contends is in violation of section 8 of article XVI of the constitution, which prohibits the general assembly from depriving any person of an appeal from any preliminary assessment of damages made against him by viewers or otherwise, and provides that on demand by either party the amount of such damage shall be determined by a jury according to the course of the common law. The preliminary assessment of damages referred to in this section is the damage sustained by a property owner whose property is "taken, injured or destroyed" by the construction or enlargement of public works, highways or improvements. An appeal is here allowed in all cases in which property has

been taken by a municipal corporation: Tourison's Appeal, 171 Pa. 38. This constitutional provision has not been interpreted, however, as covering cases of assessments for the cost, simply, of a municipal improvement. Assessments for the construction of sewers have always been regarded as a species of taxation which is held to be constitutional without provision for an appeal from the action of the assessing authorities: Michener v. Philadelphia, 118 Pa. 535; Oil City v. Oil City Boiler Works, 152 Pa. 348. Such taxation is presumed to be for the benefit of the owner of the property and is necessarily committed to the judgment of the legislative authorities of the municipality. It was said in Michener v. Philadelphia, 118 Pa. 535, that "it would be intolerable if in every instance of special taxation the question of benefits could be thrown into the jury box. It would introduce into municipal government a novel and dangerous feature." It is not denied that the ordinance authorizing the improvement was regularly adopted and a long line of cases establishes the principle that such action is clearly within the power of the municipality and that the method is one of taxation. We do not understand the decisions in Tourison's Appeal, supra, and Beechwood Avenue Sewer, 179 Pa. 494, to hold differently. In the latter case the court said in referring to Tourison's Appeal, "the question in both is, has the property owner, in the method pointed out in the act of 1891, in a proceeding for the assessment of damages and benefits, the constitutional right to demand a jury trial on assessment of benefits?" It was there shown that the act of 1891 provides for the ascertainment of damages by a comparison of advantages and disadvantages; that where the disadvantages are in excess of the advantages damages are allowed, and where the advantages exceed the disadvantages benefits are charged. The property of the parties interested had been actually taken and they were assessed with a net benefit on a comparison of the damages and benefits. The cases involved the question of damages to one owner to be compensated for by the assessment of benefits upon another owner, and it was shown that the result of the whole proceeding was damages for property taken, injured or destroyed which must be paid by the owner of property specially benefited or by the public. It was said that damages and benefits are blended as damages in the result as

a whole, but that there is necessarily an apportionment upon each lot owner who has damages to pay in order that the amount of his liability may be determined. In each of the cases the facts were extreme and unlike those in the case now under consideration. There can be no doubt that where assessments are made for benefits to pay in whole or in part damage sustained by another lot owner the party assessed for benefits has a right to appeal to the court of common pleas. Where, however, the assessment is only for the cost of construction the charge is in the nature of a tax, whether it be imposed by the council or a board of viewers. The person affected is not without a remedy. If his property be not subject to assessment or a wrong rule has been adopted in imposing the charge he may be heard on exceptions before the court and by appeal to the appropriate appellate court; and that, as we learned from the argument, is what the appellant did in this case. He had his day in court upon the questions which he seeks to raise on his appeal to the jury. We consider the case to have been ruled by the court below in accordance with the principles already established.

The appeal is therefore dismissed and the decree affirmed.