## Hamilton Avenue.

*Errors and appeals — Municipalities — Road law — Damage and
benefits under street improvement ordinance—Report of viewers—
Exceptions—Appeals.*

1. An appeal from the dismissal of exceptions to the report of a
jury of view under a street improvement ordinance, raising the
question of the right of the jury to ascertain damages suffered by a
third party under another ordinance, part of the same general plan,
and to consider such damages in assessing benefits against excep-
tants' property, is premature if it appears that an appeal from the
award of the jury has been taken.

2. It is intimated, that in such case viewers are justified in

taking into consideration the entire scheme of improvements made by the city in the neighborhood of the property benefited.

Submitted Oct. 20, 1916. Appeal, No. 198, Oct. T., 1915, by Alexander M. Murdoch, Marsh C. Murdoch and W. D. Hillerman,.from order of C. P. Allegheny Co., July T., 1914, No. 734, dismissing exceptions and confirming report of Board of Viewers in Re Petition of the City of Pittsburgh for the appointment of Viewers to ascertain the costs, damages, and expenses and assess the benefits arising from the widening of Hamilton Avenue, formerly Louden Street, 12th Ward, from Enterprise Street to Rastus Alley. Before BROWN, C. J., POTTER, MOSCH-ZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to report of board of viewers. Before COHEN, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to report of viewers.

*J. M. Shields,* for appellants, submitted a paper book.

*Charles A. O'Brien,* City Solicitor, and *H. M. Irons,* Assistant City Solicitor, for appellee, submitted a paper book.

OPINION BY MR. JUSTICE POTTER, January 8, 1917:

This appeal is from the action of the court below, in dismissing exceptions to the report of viewers, and in confirming their report. Most of the questions here raised have been considered in the opinion just filed in Murdoch v. Pittsburgh, 256 Pa. 268, an appeal from the refusal to grant a preliminary injunction. No further discussion of those points is required, but an additional question is here presented, by the contention of counsel for appellants, that the viewers had no power in this

proceeding to ascertain the damages suffered by the Liberty Brewing Company, by reason of work done by the city under another ordinance, notwithstanding the stipulation of counsel that such damages should be adjudicated and determined in the present proceeding. Appellants were not parties to the stipulation and it is claimed that, in assessing benefits against their property, the viewers had no right to take into consideration the damages awarded to the brewing company.

The two ordinances were part of one general plan for the improvement of Hamilton avenue, and under the Act of May 16, 1891, P. L. 71, benefits may be assessed against properties "in the neighborhood" of the improvement. While in Morewood Avenue (Chambers's App.), 159 Pa. 20, it was held that properties situated on another street could not be assessed for benefits, yet it was nevertheless implied that properties on the line of the street improved may be so assessed, even though not immediately adjacent to the improvement. In Edsall v. Jersey Shore Boro., 220 Pa. 591, we said (p. 597): "Every part of a general scheme of improvement which would affect the value of the land is proper for consideration. In Bond v. Philadelphia, 218 Pa. 475, which was a proceeding to assess damages caused by the change of grade of a street, we held that it was proper to admit evidence that the change was part of a general scheme of improvement which included the establishment of a public park in the neighborhood." This case was followed in Broad Street Widening, 225 Pa. 184. If the question was squarely before us we would be impelled to hold that the viewers were justified in taking into consideration the entire scheme of the improvements made by the city in the neighborhood of the property benefited. But whether the properties of appellants were benefited by the improvement, and, if so, to what extent, were questions of fact, and the findings of the viewers, in those respects, were conclusive, unless appeal was taken therefrom. It is stated by counsel for appellee that appeals

were taken by the present appellants, and are now pending. If so, all questions as to the assessment of damages and as to whether the assessment of benefits against appellants was properly made, can there be determined. Consideration of such questions here would be prema-- ture.

The assignments of error are overruled, and the order of the court below is affirmed.