## Philadelphia v. Conway, Appellant.

*Eminent domain—Assessment of benefits—Opening of streets—Measure of damages—Elements to be considered by jury—Evidence—Report of viewers—Harmless error—Objection not raised below.*

· 1. Where property lies at the corner of unopened intersecting streets, and the streets are thereafter opened and separate juries of view appointed to assess damages and benefits resulting to the abutting property from the opening of each of the two streets, benefits may be separately assessed for the opening of the street

that the entire property has been benefited by the improvement.

2. The owner of property at the southwestern corner of Walnut and Fifty-eighth streets in the City of Philadelphia was assessed upon which but a small portion of the property abuts if it appear for benefits for the opening of Fifty-eighth street. The ordinance provided in effect for the opening of Fifty-eighth street from the north to Walnut street and for the opening of Walnut street from Fifty-eighth street to Sixtieth street. Such property owner contended that the ordinance provided only for the opening of Fifty-eighth street to the north side of Walnut street, that, as his property ran only to the middle of Walnut street, it did not abut on Fifty-eighth street and could not, therefore, be assessed for benefits. *Held,* that the ordinance provided for the opening of Fifty-eighth street to the south side of Walnut street; that as the defendant's property ran to the middle of Walnut street, it abutted on Fifty-eighth street as opened for half the width of Walnut street and was properly assessed for benefits.

3. Although the portion abutting on Fifty-eighth street was but a small portion of the tract, yet as Fifty-eighth street connected with a main thoroughfare, the whole tract was thereby advantaged, not merely the small portion directly abutting thereon, and the question of the extent of the benefit of the improvement to the entire property, if any, was properly submitted to the jury.

4. In estimating the damages and benefits resulting from the opening of a street the criterion is the difference in market value of the whole tract before and after the changed condition.

5. A general advance in value in the neighborhood is not ground for assessed benefits if the property does not border on the improvement. But if the property adjoins the improvement it becomes the subject of assessment and the rule is that in estimating both damages and benefits the criterion is the difference in market value as a whole before and after the changed conditions.

6. The court properly refused to charge the jury that benefits, if allowed, should be restricted to such advantages as are essential and peculiar to defendant and do not include those common to the public.

7. Where in such case a point was presented on behalf of defendant which stated that remote and speculative benefits should not be taken into consideration, nor should the jury consider benefits accruing from the increased business the opening of the highway might bring to the owner of the land, it was not reversible error to qualify the point by saying "you must be satisfied if the advantages accrue to it within a reasonably short space of time, which we call, by the way, relatively immediate," where the court af-

firmed a point for defendant which stated that the damages or benefits were to be measured by the difference in the market value immediately before the opening of the street and its market value immediately after the opening of the street. In such case the complaint that the use of the words "relatively immediate" permitted the jury to depart from the general rule. by which damages are measured by the difference in market value before and after the improvement was without merit.

8. Where proceedings were instituted prior to the passage of the Act of April 2, 1903, P. L. 124, making viewers' reports prima facie evidence of benefits sustained, the report of the viewers was not admissible in evidence but the fact that it was admitted, was not reversible error where such ground of objection was not relied. upon at the trial, where there was other evidence of the facts set forth in the report, and where the jury were instructed that the report of the viewers was not binding upon them, and that, if in their opinion the viewers reached an improper conclusion, they must have no hesitation in so finding.

9. The fact that the plan attached to the report did not show the whole of defendant's property was not ground for reversal where there was other evidence as to the extent and description of defendant's property, and where such facts were not in dispute.

*Practice, Supreme Court—Appeals—Defective assignments of error.*

10. Assignments of error to the action of the court in overruling objections to certain questions are defective where they fail to set forth the answers to the questions.

Argued Jan. 8, 1917.   Appeal, No. 150, Jan. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1897, No. 802, on verdict for plaintiff, in case of City of Philadelphia v. William Conway. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Appeal from award of jury of view in assessing benefits for the opening of certain streets.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff (the City of Philadelphia) for $5,824 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, answers to points and instructions to the jury.

*J. Lee Patton,* with him *Alfred D. Wiler,* for appellant.

*Glenn C. Mead,* Assistant City Solicitor, with him *Louis Hutt,* Assistant City Solicitor, in charge of Road Bureau, and *John P. Connelly,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE FRAZER, March 19, 1917:

In 1896 the City of Philadelphia adopted an ordinance providing, inter alia, for the opening of Fifty-eighth street, between Market street and Walnut street, and also Walnut street from Fifty-seventh to Sixtieth streets. The ordinance for grading Fifty-eighth street was passed July 16, 1897; the contract for the work bears date July 28, 1898; and the improvement was completed September 13, 1898. The ordinance for grading Walnut street bears date February 14, 1898; the contract, July 12, 1898; the work was completed September 27, 1898. The improvement of the two streets was carried on simultaneously, and as a whole. Under the practice then existing separate boards of viewers were appointed to assess damages and benefits resulting to abutting property from the opening of the two streets. Defendant's property is located at the southwest corner of Fifty-eighth and Walnut streets, beginning at the intersection of the centre line of those two streets, and extending westerly on the centre line of Walnut street, and southerly on the centre line of Fifty-eighth street. The viewers appointed on the Fifty-eighth street improvement assessed benefits against defendant's property in the sum of $2,800. This report was confirmed by the court, and an appeal taken by defendant to the Court of Common Pleas. The city filed a statement of claim May 11, 1899, and no further action was taken to have the appeal disposed of until

1913, when the case was put at issue by defendant, and called for trial in 1914. A verdict resulted for plaintiff for the amount awarded by the viewers, plus interest from the date of the original assessment, making a total amount of $5,824. The court below overruled defendant's motion for a new trial and for judgment non obstante veredicto, and this appeal followed.

Defendant's main contention is that his property does not abut on the line of the improvement, and, consequently, is not liable to assessment for benefits, hence he was entitled to have judgment entered in his favor non obstante veredicto. At the time these two streets were opened defendant's property, comprising over nine acres, extended southward from Walnut street, between Fifty-eighth and Fifty-ninth streets, to which access was had by an old lane, or country road, called Marshall Road, and was used as a brick yard. The opening of Fifty-eighth street provided an outlet on the north to Market street, a main city thoroughfare, and the extending of Walnut street gave the property a street frontage along its entire length on the northern side. The opening of these two thoroughfares were parts of the same general improvement, and were completed at approximately the same time. At the intersection of Fifty-eighth street and Walnut street, a small rectangular piece of ground lying within the lines of both streets was required to complete the improvement. Defendant contends the Walnut street frontage included the entire width of Fifty-eighth street, thus leaving his property without frontage on the latter thoroughfare. There seems, however, to be no reason for holding that the property fronts on one of these streets rather than the other. The ordinance called for the opening of Fifty-eighth street from Market to Walnut. The strip of land lying between the northern boundary of Walnut street and its southern boundary, and within the line of Fifty-eighth street, was as much a part of Fifty-eighth street as of Walnut street. If the phrase "to Walnut street" be construed to indicate

the north side of that street, as argued by defendant, then a provision in the same ordinance to open Walnut street from Fifty-eighth to Sixtieth streets must necessarily be construed to mean from the western line of Fifty-eighth street to the eastern line of Sixtieth street, and there would remain unopened an ungraded square piece of land lying within the line of both streets at the corner of Fifty-eighth and Walnut streets, thus leaving the two improvements with dead ends and unconnected; surely this was not the intention of the municipal authorities. Consequently, under a fair and reasonable construction of the ordinance, "to Walnut street" can have no other meaning than to the south line of that street. In accordance with this conclusion defendant's property abuts on Fifty-eighth street, for the distance of half the width of Walnut street. Although it is true the abutting portion is but a small part of the tract, yet the advantage acquired is an outlet to a main thoroughfare, and the benefit accrues to the tract as a whole, and not merely to the small portion directly abutting on the street: Chester v. Eyre, 181 Pa. 642; hence the question of the extent of the benefit of the improvement to the entire property, if any, was properly submitted to the jury. This case is distinguishable from those relied upon by defendant following the general rule that property can be assessed for public improvements but once, and only when it abuts directly on the line of the improvement, as was held in Morewood Avenue, 159 Pa. 20; Fifty-fourth Street, 165 Pa. 8; In re Orkney Street, 9 Pa. Superior Ct. 604; and numerous other cases. Here the property not only abutted on the Fifty-eighth street improvement but there had been no previous proceeding in which this particular item of benefit was, or could be, considered.

The fifteenth, sixteenth and seventeenth assignments of error are to the refusal of the trial judge to affirm points submitted by defendant, requiring an instruction to the jury that his property did not abut on the improve-

ment. These assignments are disposed of in the foregoing part of this opinion, and require no additional consideration.

In the eighteenth assignment defendant complains of the refusal of the court to affirm a point to the effect that benefits, if allowed, should be restricted to such advantages as are special and peculiar to defendant, and should not include those common to the public. As an abstract principle of law the point is substantially correct (Morewood Ave., supra; Park Avenue Sewers, 169 Pa. 433; Beechwood Avenue Sewer (No. 1), 179 Pa. 490) : it is, however, inadequate as applied to the facts of this case, and if affirmed would, doubtless, have served only to confuse the jury. The assessment of benefits for public improvements is but a mode of exercising the taxing power of the Commonwealth, and is valid only so long as it provides for a just and equitable assessment, according to benefits conferred: Washington Avenue, 69 Pa. 352; Pittsburgh's Petition, 138 Pa. 401. For reasons reiterated in a long line of cases we have evolved the rule that such assessments can be justified but once, and when confined to properties directly abutting on the improvement. In the Morewood Avenue case, supra, we said (p. 37) : "As we have repeatedly decided the doctrine of assessment for benefits, to pay for public improvement, can only be defended upon the ground that the benefits are local and essentially peculiar to the very property assessed, and then it can only be done once. This can only be the case when the property assessed abuts directly upon the line of the improvement. Having their own burthens to bear in this respect, the owners cannot be subjected to the charge of similar burthens upon other properties, whether situate in the same street or in the same neighborhood." A general advance in value in the neighborhood is not ground for assessing benefits, if the property does not border on the improvement. But if the property adjoins the improvement it becomes the subject of assessment, and the rule is that

in estimating both damages and benefits the criterion is the difference in market value as a whole before and after the changed conditions. Defendant's fourth point involving this rule was affirmed by the trial judge; the sixth point, excluding remote or speculative benefits, was also affirmed, and the subject fully covered in the general charge. Under the circumstances, if the point had been properly drawn, in view of the facts of the case, the refusal to affirm would not justify a reversal: Miller v. James Smith Woolen Machinery Co., 220 Pa. 181; Bracken v. Penna. R. R. Co., 222 Pa. 410; Hufnagle v. Delaware & Hudson Co., 227 Pa. 476.

The nineteenth assignment complains of the failure of the trial judge to affirm without qualification the sixth point, which included a statement that remote and speculative benefits should not be taken into consideration, nor should the jury consider benefits accruing from increased business the opening of the highway might bring to the owner of the land. The court in answering this point said: "In general, that is a correct proposition, namely, that you must not go far out into dreams to find out the advantage. You must be satisfied if the advantage accrues to it within a reasonably short space of time, which we call, by the way, relatively immediate." The complaint is that the use of the words "relatively immediate" permitted the jury to depart from the general rule by which damages are measured by the difference in market value before and after the improvement. We cannot say the use of these words was intended to permit the jury to depart from the rule laid down in this class of cases, nor that it had such effect. In an improvement of this nature necessarily extending over a period of time, no particular day can be set as the dividing line for the purpose of fixing the values before and after the taking. A reasonable time must necessarily be allowed for the completion of the work, and a proper determination of the various elements of value based upon the changed condition of the locality: Robbins v.

Scranton, 217 Pa. 577. The time for determining the
changed value was explained by the court in the general
charge, and defendant's fourth point to the effect that
the damages or benefits were to be measured by the "dif-
ference in the market value immediately before the open-
ing of the street, and its market value immediately after
the opening of the street" was affirmed without quali-
fication. The answer to the point, in connection with the
general charge, placed the question raised in the point
properly before the jury.

In the first assignment of error complaint is made of
the admission in evidence of the plan of the property
used by the viewers and attached to their report. The
plan showed the portion of the property abutting on
Walnut and Fifty-eighth streets, and the intersection of
these two streets, but did not show the full extent of the
area of the land. Whatever deficiency existed in this
respect was supplied by the admission of counsel for de-
fendant that there were over nine acres in the tract, and
that it extended from the centre line of Walnut street,
and between the centre lines of Fifty-eighth and Fifty-
ninth streets, southward beyond Spruce street. A deed
of the property was subsequently offered in evidence, and
a further description, with the acreage, given by defend-
ant himself. The jurors, therefore, had before them a
complete description of the extent of the property and its
uses.

Defendant also argues that the trial judge erred in
permitting the report of the viewers to be received as evi-
dence. This practice was established by the Act of April
2, 1903, P. L. 124, making viewers' reports prima facie
evidence of benefits sustained. The provisions of the act
do not, however, apply to proceedings held before its
passage: Carson v. Allegheny, 213 Pa. 537. The report
in this case was filed in 1899, and was not properly ad-
missible under the terms of the act. However, no objec-
tion was made to its admission on this ground; the ob-
jection on the record being that the plan did not show

the entire property belonging to defendant. The case was tried on its merits, both court and counsel apparently overlooking the fact that the proceedings had been begun several years previous to trial, and before the passage of the Act of 1903. We have frequently refused to consider objections raised for the first time in this court. But should we be disposed to depart from our usual practice we are not convinced that harm resulted to defendant by reason of the oversight. Expert testimony as to the value of the property, both before and after the improvement, was given on behalf of both parties and the jury instructed that the report of the viewers was not binding upon them, and that if in their opinion the viewers reached an improper conclusion they must have no hesitation in so saying.

There are thirty-four assignments of error in this case. Those not discussed above are defective, and on account of their defects require no comment. They assign the action of the court in overruling defendant's objections to certain questions, without stating the answers. This is a plain violation of our rule of court.

The assignments of error are overruled, and the judgment is affirmed.