### Township of Lower Chichester *v.* Roberts et al., Appellants.

Argued November 19, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*A. B. Geary* of *Geary & Rankin,* for appellants.

*Harold L. Ervin* of *Lutz, Ervin, Reeser and Frone-field,* for appellee.

OPINION BY GAWTHROP, J., March 5, 1932:

Under an ordinance which became effective October 21, 1928, the Township of Lower Chichester, a first class township, constructed a sanitary sewer which constituted an extension to the existing system of sanitary sewers in the township. After the completion of the work, viewers were appointed on the petition of the township to assess the costs, damages and expenses and to assess the benefits resulting from the improvement, under the provisions of the General Township Act of 1917, P. L. 840, as amended by the Act of May 1, 1923, P. L. 121. The viewers filed a report, finding the amount of the costs and expenses of the construction of the sewer, including the amount paid the contractor, engineering costs, estimated court costs, township solicitor's fee and other expenses in connection with the work, to be $10,049.25, which amount was assessed against the properties accommodated by the sewer in proportion to benefits. Appellants were owners of some of the abutting properties. In order to construct the sewer it was necessary to lay part of it through private land owned by the Marshall Estate, fronting on Morton Street. The township purchased a small portion of this land and the cost thereof was included by the jury of view as a part of the costs and expenses of the construction of the sewer. After the viewers had prepared a schedule of assessments made for benefits and had given notice to the parties interested, appellants filed with the jury exceptions complaining of the inclusion of the cost of the Marshall lot, cost of the portion of the sewer under Ridge Road, the engineering costs, estimated court costs, solicitor's fee and certain other items of ex-

pense as part of the total costs and expenses. The jury of view considered and dismissed these exceptions and filed its report in the court below, and notice thereof was given as required by the statute.

No exceptions to the report were filed in the court below by appellants or any other persons, but within thirty days after the filing thereof appellants appealed to the court of common pleas and demanded trials by jury. They stated the grounds of their appeals as follows: "(1) The lands above described are not liable to be assessed for the construction of said sewer; (2) the said assessment was made by the foot front rule and not according to law; (3) the said assessment is excessive and greater than the benefits, if any, to said lands; (4) in estimating the costs of the sewer the jury of view included items, charges, costs, &c., which were not part of the costs, damages and expenses within the meaning of the act of assembly." No issue was formally framed to try the appeals, but the cases were tried and submitted by the trial judge as though an issue had been framed to determine the questions of the difference in the market value of appellants' properties before and after the construction of the sewer. Counsel for appellants sought to have the court below determine the question whether the items of costs and expenses to which exceptions were taken before the jury of view were properly included in the total cost. The trial judge ruled that this question could be raised only by the filing of exceptions to the report of the viewers, in the court below; and that as no exceptions were filed the report of the jury as to the amount of the costs and expenses of the construction of the sewer was final. The verdict against each appellant was less than that of the finding of the jury of view. The assignments of error raise the question whether the above mentioned ruling was correct.

Section 1105 of the General Township Act of 1917,

as amended by the Act of 1923, supra, provides that "the costs, damages and expenses of the construction of any such sewers or drains shall be assessed and collected in the manner provided in sections five hundred and fifty-three to five hundred and sixty-four, both inclusive, of this act upon the properties accommodated or benefited in either of the following methods: (a) (by the foot front rule); (b) by an assessment upon the several properties abutting on the sewer in proportion to benefits, the amount of the charge on which property shall be ascertained and the rights of taxpayers are conferred as provided in sections five hundred and fifty-three to five hundred and sixty-five, both inclusive, of this act." Sections 553 to 559 of the act regulate the filing of the petition for a jury of view and the duties of that tribunal. They provide that the total assessment for benefits shall not exceed the "total costs, damages and expenses awarded and agreed upon;" and that "all the court costs incurred in the proceeding shall be paid by the township." Section 560 provides: "Upon filing the report ·of the viewers, or any two of them, in the court, any person interested may, within thirty days thereafter, file exceptions thereto. The court may confirm the report, or modify, change or otherwise correct the same, or change the assessments made therein, or refer the report back to the same or new viewers, with like power as to their report. When the report is first filed in court the prothonotary shall mark it confirmed nisi, and in case no exceptions are filed thereto within thirty days he shall enter a decree as of course that the report is confirmed absolutely." Section 561 provides: "Within thirty days after the report is filed any party whose property is taken, injured or destroyed, or who is assessed benefits, may appeal to the court of common pleas and demand a trial by jury. Upon the trial of any such appeal in court, the report of the viewers, as finally approved, confirmed, modified or changed by

the court, shall be prima facie evidence of the benefits therein mentioned.''

These sections are largely a compilation and reenactment of existing laws, notably the Act of May 16, 1891, P. L. 75, as amended by the Act of April 2, 1903, P. L. 124. The Act of 1891 conferred the right of appeal and trial by jury only on one whose property had been taken, injured or destroyed; or one who had been assessed benefits to pay damages to another person whose property had been taken, injured, or destroyed; or one who averred that he was in fact damaged: Murdoch v. Pittsburgh, 223 Pa. 280; Tourison's Appeal, 171 Pa. 38; Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413; Fraser v. Pittsburgh, 41 Pa. Superior Ct. 103. Under that act a party whose property was assessed for benefits for the purpose of defraying costs and expenses of the improvement, exclusive of any damages for property taken, injured or destroyed, could only be heard on exceptions to the report in the court below, and by appeal to the appropriate appellate court. He had no right to a jury trial: Fraser v. Pittsburgh, supra; Brackney v. Crafton Borough, supra; Seventh Street Sewer, 35 Pa. Superior Ct. 484.

Section 561 of the Act of 1917 effected a radical change in the law by conferring on any person assessed for benefits the right of appeal and trial by jury. Under this act one who has been assessed for benefits to pay exclusively the costs and expenses of construction, may appeal and have a trial by jury. The taking of the appeal prevents the confirmation of the report as to the appellant (sec. 558), although it does not have the effect of delaying the absolute confirmation as to all assessments unappealed from (sec. 565). While this act extends to a new class of persons the right to appeal from the report of viewers and demand a jury trial, it discloses no intention by the lawmakers to deprive one of this new class of appellants from

raising on his appeal any question which could be raised on an appeal taken under the prior statutes.

The learned president of the court below held that the exceptions provided for by Section 560 of the Act of 1917, above quoted, "cover all the steps and conclusions of the jury of view, including the figure fixed as to the entire costs and expenses of such construction; and the various items and their amounts included therein; and in absence of exceptions the report regarding such details is final, ......, leaving only for trial by a jury upon an appeal the amount assessed against abutting property owners as benefits;" that "the procedure upon this theory would seem to be the only practical one," and that the question "whether or not the various items included by the engineer and approved by the jury of view as the total cost of construction were properly included are legal questions which must necessarily be decided by the court, and the expeditious and practical method is to bring these legal questions before the court upon exceptions, leaving as the question upon appeal to be tried by a jury only the amount, if any, of benefits over and above damages to the various owners of abutting property." After the fullest consideration we are unable to bring our minds to the conclusion that such a construction of the Act of 1917, which would result in a wide departure from the established practice under prior acts, is tenable. The decisions of the courts founded upon the Act of 1891, and its amendment of 1903, are not controlling. We refer in particular to Fraser v. Pittsburgh, supra, especially relied on by the court below, deciding that if a party whose property is assessed for benefits to pay exclusively the costs and expenses of the construction of an improvement, desires to raise the question of the legal liability of his property for the assessment, or whether a wrong rule has been adopted by the viewers apportioning the charge, he may be heard on exceptions by the court and by ap-

peal to the proper appellate court, but has no right
to a jury trial upon such questions. The reason why
that case is not controlling in the present case is that
under the then existing statutes one whose property
was assessed for benefits to pay exclusively the costs
and expenses of the construction of an improvement,
when no property was injured or destroyed, had no
right of appeal at all. As stated above, Section 561
of the Act of 1917 gives the right of appeal to any
party whose property is assessed for benefits.

We think that under the Act of 1917 legal questions
which concern the validity of the proceedings, such as
the ordinance (Opening of Schaffer Avenue, 86 Pa. Su-
perior Ct. 20), or the petition for the view, error or
irregularity in the report, or the conduct of the viewers
and similar matters which affect the validity of the
report as a whole, irrespective of the amount of dam-
ages allowed to one person or the amount of benefits
assessed to another, must still be raised by exceptions
to the report. This was the rule under prior statutes
(Borough of Millvale v. Poxon, 123 Pa. 497). But, in
our view, legal questions which affect the amount which
one is entitled to receive as damages or is required to
pay as benefits may be brought before the court by
appeal and may be determined in a single proceeding,
without resorting to the filing of exceptions to the re-
port of the viewers. The filing of exceptions to the
report has nothing to do with the right of appeal, and
there is no inconsistency in the filing of exceptions and
at the same time entering an appeal. "The hearing
of exceptions can go on and be completed before the
case is actually tried; and if the exceptions are decided
favorably to the appellant so as to defeat the proceed-
ings, no trial will be necessary, otherwise the trial can
proceed": Bowers v. Braddock Borough, 172 Pa. 596.
If a party who is assessed for benefits desires to raise
only the question of the legal liability of his property
for the assessment under undisputed facts his exclusive

remedy is on exceptions to the report, and he has no right to a trial by jury on such questions. The purpose of an appeal is to have a jury determine the amount payable to one or by another: Schaffer Avenue, supra. Whenever that issue of fact is raised by appeal all legal questions involved in its determination are properly before the court. This was so under prior statutes. In St. Francis Sisters v. Millvale Borough, 69 Pa. Superior Ct. 302, 307, it was held that the appellant could question the amount of land taken. In Philadelphia v. Conway, 257 Pa. 172, the defense interposed was that defendant's property did not abut on the improvement. In neither of these cases was the issue limited to the question of the difference in the market value of the property before and after the improvement. In Hamilton Avenue, 256 Pa. 271, the Supreme Court said that on appeal to the common pleas, "all questions as to the assessment of damages and as to whether the assessment of benefits against appellants was properly made can there be determined." In Gaughan v. Scranton City, 266 Pa. 586, Mr. Justice WALLING said that on appeal from the report of viewers, "the proceedings in the common pleas are de novo." It seems clear that this includes a determination of the total amount which is properly assessable as benefits, which limits the total amount for which the properties assessable were liable, by excluding from that amount elements of cost and expense which legally could not be included by the viewers in their calculation of costs and expenses. Section 557 of the act provides that the total assessment for benefits shall not exceed the total costs, damages and expenses awarded and agreed upon. In our opinion this permits the legality of such costs and expenses to be considered on an appeal. Even on a scire facias sur municipal lien the defendant may raise the question whether he has been assessed for the proper proportion of the entire expense, where the improvement was

authorized on the foot front basis, and is not concluded by the report: Mt. Lebanon Twp. v. Robinson, 83 Pa. Superior Ct. 539. Surely a defendant who has been assessed benefits can raise on appeal any question concerning the amount chargeable against him, which he could raise on defense to a scire facias. It follows that it was the duty of the court below to determine whether the items of costs and expenses to which appellants objected were properly included in the total costs and expenses of construction.

The total cost included "estimated court costs," $200. This item of expense should have been excluded because section 559 of the act provides that all court costs incurred in the proceedings shall be defrayed by the township. In justice to the court below it should be stated that he recognized this, and stated that the item would have been disallowed if the question had been raised on exceptions to the report.

The items denominated in the report as "Sewers under Ridge Road 1923, $391.28," and "Engineering preliminary 1927, $65.07," relates to a section of sewer built under a state highway in 1923 and paid for by the township out of its own funds. The ordinance authorizing it to be built made no attempt to assess any of its costs on abutting land owners. The ordinance under which the present proceeding is based did not include it in the improvement authorized to be assessed against the abutting property owners, but specifically excluded it. Manifestly the township could not include the cost of this old sewer in the present proceeding.

For a similar reason preliminary expenses incurred and paid before the passage of the ordinance cannot be tacked onto the costs and expenses incurred under the ordinance.

These three items amounting to $656.35 should not have been included by the viewers in the costs of the improvement and as they resulted in increasing the

amount of the assessment against appellants, the latter has a right to question their legality as part of the amounts legally assessable against them.

We are not persuaded that the other items objected to by appellants were illegally included in the total cost. As to the cost of the Marshall lot, we deem it sufficient to state that the Act of 1917 and its amendment of 1923 contemplate the inclusion of damages for land taken in the amount to be assessed by way of benefits, and the ordinance in this case specifically so provided. The only other items complained of, to which we shall refer, are the amounts paid the township solicitor and the township engineer for services rendered in connection with the construction of this particular sewer. The Act of 1917, as amended, provides for the assessment of the "costs, damages and expenses" of the construction. The words "damages and expenses" are sufficiently broad to include compensation paid for the services of an attorney and an engineer in connection with the improvement. There was no evidence that the counsel and engineer in this case did their work as part of the service for which they are regularly paid. It appears by the record that their service was performed in connection with the construction of this sewer. In all the circumstances we are not persuaded that the amounts paid them were not properly included in the total costs.

As the total costs and expenses of the construction of the sewer was $10,049.25 and items amounting to $656.35 were illegally included, $9,392.90 was the amount which could be legally assessed as benefits against abutting property owners. The record shows that $8,326.93 has been assessed against property owners who have not appealed and as to whom the report became conclusive. This left $1,065.95 which could be assessed against appellants, instead of $1,-699.76, the total amount of the verdicts rendered by the jury at the trial. As all the verdicts were for

greater amounts than appellants should pay, they can be modified and reduced to the legal limit (Thomas v. Northern Liberties, 13 Pa. 117, 120). As each verdict was less than the award made by the viewers against each appellant they are entitled to their costs on the trial (sec. 561).

In each appeal the judgment is modified by reducing the aggregate verdicts from $1,699.76 to $1,065.97, as of April 23, 1930, each judgment to be proportionately reduced from the amount entered by the court.