## Kunze, Appellant, *v.* Duquesne City.

44

Argued October 5, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Frank W. Ittel,* with him *Henry Cooper, II,* for appellant.

*H. M. Irons,* with him *Louis C. Burstin,* City Solicitor, for appellee.

Opinion by Parker, J., March 2, 1937:

The question involved in each of these appeals is whether the owner of a property in a third class city against which property an assessment has been made for a municipal improvement has the right of appeal from an award of viewers. The two appeals were disposed of by the court below in one opinion, were argued together in this court and will be considered by us in one opinion.

One case involved an assessment of benefits for street

paving and the other an assessment for the construction of a sewer in the city of Duquesne, a third class city. To avoid confusion we will give a history of the case and refer to the facts disclosed in the paving case. The plaintiff, the appellant, was the owner of certain lots on a street which was paved by virtue of an ordinance approved July 21, 1930, the work being completed in the fall of 1931. The ordinance provided that the cost of the work, or a proper proportion thereof, should be assessed against abutting properties. On December 7, 1931, viewers were appointed to assess benefits. The viewers made their report and assessed benefits in the amount of $2,250 against the property of the plaintiff. This report was confirmed absolutely on September 8, 1932. Thereupon the plaintiff appealed to the court of common pleas. On May 17, 1935, after the case was placed on the weekly trial list, the city presented its petition to common pleas praying that the appeal be stricken off and alleging as a ground for such action that under the Act of May 16, 1891, P. L. 75, as amended, the assessment was final and conclusive and the appellant had no right of appeal. The lower court struck off the appeal and from that action the plaintiff has appealed to this court.

There has been a mass of legislation authorizing the making of improvements in municipalities and providing procedure for the collection of assessments. As a result the problem presented is not without difficulties. The Act of 1891, referred to above, as originally enacted was of general application to all municipalities in the Commonwealth and provides a complete method for making of municipal improvements, ascertaining damages to private property resulting therefrom, and the assessment of benefits and damages for the cost of the improvement, damages paid, etc.

We are in accord with the argument made on behalf of the city that if the property owner is limited to the

Act of 1891 for a right to appeal from the assessments made, such act does not give the right of appeal to this plaintiff. The assessments made were exclusively for the purpose of covering the cost of the respective improvements and the proceeding was concerned alone with the assessment of benefits. There was no property taken, injured, or destroyed and the cost which the benefits were assessed to meet was solely cost of construction of the paving. In other words, there was not included in the cost any charge for damages assessed in favor of other property owners. It appears that the street in question was graded but that the cost incident thereto was assessed and damages were awarded in another and different proceeding at a former time.

The Act of May 16, 1891, P. L. 75, §6, as amended by Act of April 2, 1903, P. L. 124 (53 PS 402), gave the right of appeal and trial by jury only to one whose property had been taken, injured or destroyed or to one who had been assessed benefits to pay damages to another person whose property had been taken, injured or destroyed: *Murdoch v. Pittsburgh,* 223 Pa. 280, 72 A. 701; *Beechwood Ave. Sewer,* 179 Pa. 494, 36 A. 210; *Brackney v. Crafton Boro.,* 31 Pa. Superior Ct. 413; *Twp. L. Chichester v. Roberts,* 104 Pa. Superior Ct. 458, 463, 159 A. 222.

In answer to this situation the plaintiff contends, first, that the general act is replaced by the law applying to third class cities, Act of June 27, 1913, P. L. 568, as amended (53 PS 10811), or, if not by that act, then by the "Third Class City Law" approved June 23, 1931, P. L. 932 (53 PS 12198), effective by its terms July 1, 1931 (53 PS 12198-108), and that each of these acts gives the plaintiff the right of appeal.

(1) With reference to the Act of 1913, the plaintiff depends upon §6 of Article XIV of that statute, as amended by Act of May 27, 1919, P. L. 310, §35 (53

PS 11496). That section does provide that any party may, within thirty days after the filing of the viewers' report, file his, her, or their appeal from the report to the court of common pleas. The difficulty with this contention is that Article XIV deals exclusively with the exercise of the right of eminent domain and the assessment of damages for property taken, injured or destroyed. Section 6 specifically limits the proceedings therein prescribed to such as have been provided for in Article XIV. Consequently it left the law just as it was under the general act of 1891. This act does not give the right of appeal where such did not exist under the act of 1891.

This brings us to a consideration of the "Third Class City Law" of 1931, and we are then met by two objections to its applicability suggested by the city. It contends that the Act of 1931 is not retroactive and even if it is, that act does not give the right of appeal in a case such as this.

(2) The ordinance under which this work was done was passed in 1930 and the construction was begun in that year but was not completed until the fall of 1931. The Act of 1931 became effective on July 1, 1931, and viewers were appointed on December 7, 1931. It will be observed that it is with procedure that we are here concerned and not with vested rights. "Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage ...... Procedure is a matter of statutory regulation, and, unless prevented by the Constitution, the legislature may alter it at will, provided the obligations of contracts are not impaired; but where the remedy is not entirely taken away, and the scope of the powers or duties of the hearing tribunals are merely enlarged, no contract is impaired": *Kuca v. Lehigh Valley Coal Co.*,

268 Pa. 163, 166, 110 A. 731. Also, see *Kille v. Reading Iron Wks.,* 134 Pa. 225, 19 A. 547; *Lane v. White,* 140 Pa. 99, 101, 21 A. 437. In *Long's Appeal,* 87 Pa. 114, the litigation was between individuals and the Pennsylvania Railroad Company. It was held that a change in legislation whereby an appeal was given did not affect substantive rights since it was a mere change in remedy and did not affect vested rights.

It is also to be noted that here the party claiming to be affected is a municipality which is a creature of the state and an agency of the state, and undoubtedly the legislature may change remedies affecting such municipalities: Endlich on the Interpretation of Statutes, pp. 385, 386.

By §104 of the Act of 1931 (53 PS 12198-104) it is provided, in part, as follows: "The provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws and not as new enactments ......All ordinances, resolutions, regulations and rules, made pursuant to any act of Assembly repealed by this act, shall continue with the same force and effect as if such act had not been repealed." By §4701 (53 PS 12198-4701) it is provided that the Act of May 16, 1891, P. L. 75, shall be repealed "insofar as it relates to third class cities." It would appear to be clear that the Act of 1931 supplanted the Act of 1891 as to third class cities. The viewers were appointed, the view was held, and report was made more than five months after the Act of 1931 took effect, and the changes affecting this matter related exclusively to procedure. It follows that the Act of 1931 was applicable to the proceedings for the assessment of benefits.

(3) Does the Act of 1931 give the plaintiff a right to appeal from the report of the viewers? That question gets us to the heart of the case and is one that presents some difficulties due to the fact that the sections of the

act involved have been transplanted from former acts without full consideration of the context in the old and new acts. For many years the legislature clung to a definite policy of not allowing appeals from viewers' reports for special assessments when the assessments did not involve situations where property was taken, injured or destroyed. This exception is in accord with the provisions of our state constitution giving a right to a jury trial where property is taken, injured or destroyed. "Assessments for the construction of sewers and original grading and paving of streets, etc., have always been regarded as a species of taxation, which, within well defined limits, is constitutional and proper, without provision for such appeal from the action of those intrusted with the duty of making or revising such assessments": *Oil City v. Oil City Boiler Works,* 152 Pa. 348, 354, 25 A. 549. In *Michener v. Phila.,* 118 Pa. 535, 540, 12 A. 174, referring to such matters it was said: "But this is a species of taxation, and all taxation is presumed to be for the benefit, directly or indirectly, of the taxpayer or his property ...... It would be intolerable if in every instance of special taxation the question of benefits could be thrown into the jury-box." It is clear that the assessment which we are considering did not involve any claim for damages on account of property taken, injured or destroyed. It follows that if the right of appeal is granted by the Act of 1931 it is a matter of grace on the part of the legislature rather than by virtue of a right on the part of the taxpayer to such appeal. It would also seem that if the Act of 1931 can be so construed as not to create such an "intolerable" situation, such interpretation should be made.

Turning to the Act of 1931, we find that three of the articles of that act require attention; to wit, Article XXVIII, entitled "Procedure for the Exercise of Eminent Domain and the Assessment of Damages and

Benefits by Viewers," Article XXIX, entitled "Streets and Highways," and Article XXXII, entitled "Sewers."

Article XXIX, beginning with §2930, grants to third class cities the right to grade, pave, etc., highways, streets, etc., and places the cost of such improvement on abutting owners to be assessed according to foot front rule, or according to benefits as council may determine. Section 2933 is as follows: "Assessment of Costs According to Benefits.—When the cost and expenses, or any part thereof, of any grading, paving, macadamizing, or other improvement of any highway, street, avenue, lane or alley, or part thereof, is to be paid for by the owners of real estate abutting or bounding as aforesaid, according to benefits, the same shall be assessed by viewers appointed by the court of common pleas, as provided in this act for the assessment of benefits by viewers." We find nothing in this article providing for an appeal to common pleas, so if such right exists we must look to the sections to which reference is made or to other specific provisions in the act.

Article XXXII, dealing with sewers, makes similar provision for the construction of sewers and assessing the cost on owners of abutting properties. By §3208 it is provided that the assessment may be made by freeholders appointed by council with revisory powers in council, in which case no provision is made for appeal from the final action of council. It is further provided by that section that such procedure is "in addition to the remedies which now or may hereafter exist for the assessment of said cost and expense by viewers appointed by court."

The only specific provision for the appointment of viewers and procedure with reference thereto contained in the act is found in Article XXVIII. That article deals with two subjects, procedure for the exercise of eminent domain and procedure for assessment of

damages and benefits. Sections 2819 to 2848 deal with the appointment of viewers and the practice before them and provide for both exceptions to and appeals from such reports. Section 2819 is as follows: "Petition for Viewers; Time of Meeting.—Except as is in this act otherwise provided, in case the compensation for damages or benefits accruing from the exercise of the right of eminent domain and/or from the erection and construction of public improvements have not been agreed upon, any court of common pleas, or any law judge thereof in vacation, on application thereto by petition by the city or any person affected, shall appoint three viewers, from the board of viewers of the county to view and ascertain the damages done and/or the benefits which have accrued by reason of the said taking, use, occupancy, or injury, or the erection and construction of public improvements, and appoint a time, not less than twenty nor more than thirty days thereafter, when the viewers shall meet at or upon the premises affected." Section 2842 gives to all parties a right of appeal and is as follows: "Appeals from Reports of Viewers for Jury Trial.—Within thirty days after any report of viewers is filed in court, any party whose property is taken, injured or destroyed, or who is assessed benefits, may appeal to the court of common pleas and demand a trial by jury. Where an appeal is so taken to a portion of the report, the portion not appealed from shall be confirmed absolutely, at the expiration of thirty days after the report is filed in court. The appeal shall state the grounds upon which it is taken, and shall be signed by the appellant, or by his agent or attorney, and shall be accompanied by an affidavit that it is not taken for the purpose of delay but because the appellant believes that injustice has been done." It is apparent that the right of appeal is not limited to such cases as involve the taking, injury

or destruction of property and in that respect differs from the Act of 1913.

While §2933, dealing with streets, provides that the assessment shall be made by viewers appointed by the court, it is provided that it shall be done "as provided in this act for the assessment of benefits by viewers." The only sections applicable to such appointment and procedure give the right of appeal. Section 2933 does not exhibit any intention upon the part of the legislature to make the report of the viewers final. It would create an intolerable situation if no provision were made for the filing of exceptions but the right to an appeal is just as integral a part of the prescribed procedure as that for filing exceptions. We therefore hold that the Act of 1931 gives a right of appeal to persons against whose property assessments have been made, even though the assessments contained in such report are exclusively for benefits and do not cover any damages for property taken, injured or destroyed. The language used by the legislature with relation to sewers indicates an intention to grant such right of appeal in the case of sewers.

While the legislature for a considerable period granted appeals from special assessments only in accord with the constitutional requirement, a radical departure from that practice was made when the "First Class Township Code" of 1917 was enacted. That code conferred on any person assessed for benefits the right of appeal and trial by jury: *Twp. L. Chichester v. Roberts,* 104 Pa. Superior Ct. 458, 463, 159 A. 222; 308 Pa. 195, 162 A. 460.

The conclusion at which we have arrived makes it unnecessary to consider the argument that the city waived its right to question the jurisdiction of the court after allowing the case to be placed upon the trial list.

The orders of the lower court are reversed with a procedendo.